State of Louisiana vs. Willingham.

## No. 8160.

### STATE OF LOUISIANA VS. LOUIS WILLINGHAM.

Counsel for the State, in a criminal prosecution, has the right, on the cross-examination of one of Defendant's witnesses, to ask him what "the feelings are between him and one of the State's witnesses," though nothing on this point was said in the examination in chief. The question is permissible as testing the credibility of the witness.

The judge, in his charge to the jury, in saying that, the State must prove the guilt of the accused beyond all reasonable doubt, to the exclusion of every other *hypothesis*, may use the word *conclusion* instead of hypothesis. There is no legal difference between the two expressions.

APPEAL from the Fourth Judicial District Court, parish of Winn. *Bridger*, J.

*J. C. Egan*, Attorney General, for the State, Appellee:

First—The court need not charge the jury in the very words asked by defendant, providing a full and fair charge, substantially charging everything requested, be given, and no prejudice is done the accused. 25 An. 407; 31 An. 304; 8 An. 114; 6 An. 653.

Second—In the cross-examination of defendant's witness, it is admissible for the State to affect the credibility of said witness by asking him what were the feelings between him and a witness for the State, whose character his evidence tended to attack.

*W. N. Richardson* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The errors assigned in behalf of defendant, are two, viz:

1st. On the cross-examination by the State, of a witness of defendant, the district attorney propounded the question: "What are the feelings between you and Mr. James Moore?" To this question the defense objected, on the grounds that the witness had said nothing on his direct examination touching the subject inquired about, and that "the State had no right, on cross-examination of defendant's witness, to question the latter as to any fact not connected with matters stated by him in his direct examination," quoting the decision of this Court in State vs. Swayze, 30 An. 1327. The judge, in signing the bill, states: "The evidence of the witness had a tendency to create suspicion that James Moore, a witness for the State, was implicated in the murder of the deceased, and the question of the district attorney was admissible for the reason that the answer might rebut his testimony given in the

case, and was certainly admissible as affecting the credibility of the witness."

We think the judge did not err. The general principle relied on and sustained by the ruling in State vs. Swayze, is unquestionably sound; but it is confined, in its application, to preventing the State, on cross-examination, from questioning defendant's witnesses on independent matters, facts, or acts, not connected with their testimony in chief, but tending to prove up the case of the State, which the State is required affirmatively to establish by its own witnesses. It would, however, be an unreasonable extension of the rule to debar the State from proving on cross-examination, the relations of the defendant's witnesses to the defendant and to the parties referred to in his direct testimony, as affecting the weight and credibility of his evidence. Otherwise, a biased or dependant witness, a parent, child, brother, a sister, or person with strong motives for prejudice or partiality, might be put on the stand by defendant, and, in the absence of any question by his counsel on the subject, the State would be prevented from putting the jury in possession of the facts of such relationship, which would be entitled to legitimate consideration as affecting the weight and credibility of the testimony.

We find no reason or precedent for such an extension of the rule.

2d. Defendant assigns error in the refusal of the judge to give the following charge: "The State must prove the guilt of the accused beyond all reasonable doubt, to the exclusion of every other hypothesis."

It appears that the court, on the demand of the defendant, had delivered a written charge, and declined to give the special additional charge above stated, on the ground that it was substantially included in the charge already given. In that charge, the judge used the following language: "Every man is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt." "A party may be convicted on circumstantial evidence alone; but where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other rational (or reasonable) conclusion."

The variances asserted by counsel between the charge given and that asked, are twofold, viz:

1st. The substitution of the word *conclusion* for the word *hypothesis*. The judge declares that he considered the two words, as used in that connection, as synonymous. Verbal hypercriticism may suggest differences between them, but the sober legal mind cannot conceive that they could convey any conflicting meaning to the intelligence of any juror. The terms are constantly used as convertible in decisions and text books, and in Waterman's Criminal Digest we find the very words used by the

judge laid down as the proper rule on the following authorities: 4 Parker, 396; 19 N. Y. 549; 49 N. 137; 41 Texas, 209, 342; 46 Ga. 637; 25 Miss. 584; 5 Blact. f. 579; 41 Cal. 66; 2 Blatch. 207.

See Waterman's U. S. Cr. Dig. 129.

2d. Objection is made to the use of the words " to the exclusion of every other *rational or reasonable* conclusion" or hypothesis, instead of the words "to the exclusion of *every other hypothesis.*" It is true that Mr. Greenleaf, in his work on evidence, does, in one place, use the language last stated, and that it has been inconsiderately adopted in some decisions. See 1st Greenleaf, § 13. But the same learned author, in another part of his work, lays down the true doctrine to be that charged, by the judge, viz: "It is held necessary, not only that the circumstances all concur to show that he committed the crime, but that they all be inconsistent with any other *rational conclusion.*" 3 Greenl. Ev. § 137.

This is as far as any well-considered authority has ever gone. ·

Willson Cir. Ev. p. 149.

Starkie on Ev. p. 138.

It has been expressly adopted as the proper rule by this Court in a recent case.

State vs. Swayze, 30 An. 1327.

Wharton shows the absurdity of requiring that the circumstances should exclude every possible hypothesis of innocence.

Wharton Cr. L. § 732 *et seq.*

He even disputes the proposition that " in circumstantial evidence, there can be no conviction, unless the facts are incapable of explanation upon any other *reasonable* hypothesis than that of guilt," except so far as the same rule is applicable to all other evidence, and concludes: " There is no ground for distinction between *direct* and *circumstantial* evidence. All evidence admitted by the court is to be considered by the jury in making up their verdict; and their duty is to acquit if, on such evidence, there is reasonable doubt of the defendant's guilt; otherwise, to convict."

Wharton, Am. Cr. L. §§ 742–3.

We quote the foregoing not for the purpose of sanctioning its substitution for the commonly accepted rule, but to show how far the authorities are from supporting the doctrine of defendant's counsel.

We are satisfied that the charge given by the judge was a sound and complete exposition of the law; that the charge asked by defendant was faulty, and, even if modified by the insertion of the word *reasonable* before *hypothesis,* was then superfluous, because substantially covered by the charge already given.

The judgment and sentence appealed from are, therefore, affirmed.