### ELMER JONES v. THE STATE.

*No. 599.   Decided May 18.*

**1. Circumstantial Evidence—Charge—Sufficiency of.**—On a trial for murder, where the evidence was entirely circumstantial, *Held*, that a charge upon the law of circumstantial evidence is defective and insufficient which does not instruct the jury, in effect, that the facts and circumstances necessary to the conviction sought must be such as to exclude every other reasonable hypothesis, except the defendant's guilt.

**2. Same—"Exclusion of Every Other Reasonable Doubt or Hypothesis" Not Applicable to Intent.**—The principle, that circumstantial evidence must extend to every other reasonable hypothesis or doubt of defendant's guilt, applies only to proof of the act, and not to proof of the intent. For when the act is proved by direct testimony, and all that remains to be proved is the intent, which may be inferred from the circumstances accompanying the act, this principle does not apply.

[*Henderson, Judge*, conceding the law as above stated to be correct, dissents, upon the ground that "the fact of killing, which is the main fact in the case, is proved by positive testimony of eye-witnesses," and that a charge upon circumstantial evidence was not called for by the facts.]

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

This appeal is from a conviction for murder of the second degree, the punishment being assessed at twenty-five years in the penitentiary.

The statement of facts is most voluminous, embracing some fifty-six closely written pages of the transcript. The salient features of the evidence will be found sufficiently stated in the two opinions below.

*R. V. Bell* and *Adams & Cofer*, for appellant.—The court erred in the nineteenth section of his charge to the jury in failing to fully instruct them upon the law of circumstantial evidence, and because the jury were not instructed, that before they could convict defendant upon circumstantial evidence, such evidence must be of such a conclusive nature as to exclude every other reasonable hypothesis but that of the guilt of defendant. Barnes v. The State, 41 Texas, 342; Black v. The State, 1 Texas Crim. App., 391; Rodriguez v. The State, 5 Texas Crim. App., 256; Hunt v. The State, 7 Texas Crim. App., 212; Barr v. The State, 10 Texas Crim. App., 507; Pogue v. The State, 12 Texas Crim. App., 283.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant prosecutes this appeal from a conviction of murder in the second degree, the punishment assessed being twenty years in the penitentiary.

The conviction is predicated entirely upon circumstantial evidence. Upon this subject the court charged the jury: "In order to warrant a conviction on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt, and all the facts necessary to such conclusion must be consistent with each other and with the main fact sought to be proved, and the circumstances, taken together, must be of a conclusive nature, leading in the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty of the guilt of the accused." Error is urged because this charge fails to instruct the jury that such evidence must be of so conclusive a nature as to exclude every reasonable hypothesis except the guilt of the accused. The essential element of an instruction on the law of circumstantial evidence is, that the facts and circumstances necessary to the conviction sought must be such as to exclude every other reasonable hypothesis except the defendant's guilt. The evidence must not only be consistent with the prisoner's guilt, but it must be inconsistent with every other rational conclusion. Cone v. The State, 13 Texas Crim. App., 483, 486; 1 Greenl. on Ev., sec. 34; The People v. Shuler, 28 Cal., 490; The People v. Strong, 30 Cal., 151; The People v. Davis (Cal.), 1 Pac. Rep., 890; The State v. Nelson, 11 Nev., 334, 440; The State v. Jones (Nev.), 11 Pac. Rep., 317; The State v. Shelledy, 8 Iowa, 477, 498; The Commonwealth v. Harman, 4 Pa. St., 269, 274; The State v. Willingham, 33 La. Ann., 537; The State v. Vansant, 80 Mo., 67, 72; Stout v. The State, 90 Ind., 1, 12; Binns v. The State, 66 Ind., 428, 435; Algheri v. The State, 25 Miss., 584; Mose v. The State,

36 Ala., 212, 221, 231; 2 Thomp. Trials, sec. 2505; The Commonwealth v. Webster, 5 Cush., 296; United States v. Jackson, 29 Fed. Rep., 503 (9 Crim. L. Mag., 325); Casey v. The State (Neb.), 29 N. W. Rep., 264 (8 Crim. L. Mag., 597). Mr. Starkie, in his work on Evidence (section 863), says: "The force of circumstantial evidence being exclusive in its nature, and the mere coincidence of the hypothesis with the circumstances being, in the abstract, insufficient, unless they exclude every other supposition, it is essential to inquire with the most scrupulous attention what other hypotheses there may be which may agree wholly or partially with the facts in evidence." The court in Beavers' case said: "We can conceive of no hypothesis by which, in the order of natural causes and effects, the facts proved can be explained consistently with the innocence of the prisoner; and this is the true test of circumstantial evidence. It excludes all reasonable doubt of the prisoner's guilt." 58 Ind., 531, 537. "But this principle applies only to proof of the act, and not to proof of the intent. Accordingly, in a case of burglary, an instruction which contained the following sentence was properly refused: 'Where a criminal intent is to be established by circumstantial evidence, the proof ought to be not only consistent with the defendant's guilt, but it must be wholly inconsistent with any other rational conclusion than that of the defendant's guilt.' The court said: 'This rule is proper when the act which is claimed to be criminal is sought to be established by circumstantial testimony. But when the act is proved by direct testimony, and all that remains to be found is the intent which accompanied the act, and which may be inferred from the circumstances accompanying the act, then this principle does not apply.' It is to be observed that the courts do not state the principle in uniform language. Some of them prefix before the word 'hypothesis' or 'supposition' the word 'reasonable' or 'rational,' and others omit it. But, even where it is omitted, it is necessarily understood or implied, for the meaning is not that the evidence shall exclude an hypothesis which is unreasonable or absurd." 2 Thomp. Trials, sec. 2505, and accompanying notes. It is not to be understood, however, that this rule requires the exclusion of every possible hypothesis but that of guilt. It means a reasonable doubt, a rational hypothesis, not a mere possible speculation or imaginary doubt. Tested by the rule announced, the charge in this case is fatally defective, and must operate a reversal of this judgment. This conviction is predicated upon the theory that this appellant and one McGruder, conspiring and acting together for that purpose, took the life of the deceased. If this is true, his punishment was lenient indeed. This is met by the defendant with two theories: First, that he was not acting with McGruder in the killing, but was the friend of the deceased, and sought to prevent the killing; second, that McGruder killed deceased in self-defense. If either hypothesis was reasonable, it excluded the conclusion that appellant was guilty of the murder. After carefully examining the

remaining questions as presented by the record, we find no error suggested in any of them.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HENDERSON, Judge, dissents.

### DISSENTING OPINION.

HENDERSON, JUDGE.—This case was tried at a former day of this term and the judgment reversed, and it now comes before us on a motion filed by the Attorney-General for a rehearing. My brethren have agreed to adhere to the opinion and judgment of reversal previously rendered in this case, but on a more thorough examination of the questions involved, I dissent from the views heretofore expressed in the opinion of the court.

The reversal of this case was predicated upon the idea that it was a case of circumstantial evidence, and that the court in its charge upon this subject committed a material error by omitting from its charge an instruction, "that the circumstances must be such as to exclude every other reasonable hypothesis except that of the defendant's guilt." The charge as given was otherwise full and complete, in accordance with all the authorities on the subject. If it be conceded, however, that the charge was not full enough in a case involving purely circumstantial evidence, the question still presents itself, was this a case calling for a charge on circumstantial evidence? The record shows in this case that the killing of deceased was done by one McGruder. Clarence Humphreys, a son of deceased, testified, in effect, that his father went out towards the barn, and McGruder and defendant, Jones, went out after him. He saw Jones and McGruder go to where his father was. "When I last saw them they were going east, and were about seventy-five feet east of the barn. I then went back into the bedroom. In about five minutes I heard three shots. I ran out on the south porch of the house; saw McGruder shooting with a pistol, and saw Jones, who seemed to be a little southwest of McGruder, but did not see pa. Heard one shot before I went out on the porch, and saw two shots after I went out. Didn't see any more after I went into the bedroom from the porch before the shooting began." Saw his father lying there afterwards near where the shooting was. Several other witnesses saw the shooting.

The defendant Jones testified, on his own behalf, and testified as to the facts attending the killing of deceased (Humphreys) by McGruder, and testified also as to what he did, so that in our view of the case, the fact of killing, which is the main fact in the case, is proven by positive testimony of eye-witnesses.

It is true that a great deal of testimony tending to show a conspiracy on the part of Jones and McGruder before the fact of killing was

elicited, and this was of a purely circumstantial character, adduced for the purpose of characterizing his presence at the scene of the homicide, and what he did or did not do there. In the case of The Commonwealth v. Webster, 5 Cushing 310, the court, in speaking of that case, say: "This case is to be proved, if proved at all, by circumstantial evidence, because it is not suggested that any direct evidence can be given, or that any witness can be called to give direct testimony upon the main facts of the killing.  *  *  *  The distinction, then, between direct and circumstantial evidence is this:   Direct or positive evidence is when a witness can be called to testify to the precise fact which is the subject of the issue on trial; that is, in a case of homicide, that the party accused did cause the death of the deceased.    Whatever may be the kind or force of the evidence, this is the fact to be proved."

In this case it was not proven that the act of killing was done directly by the defendant Jones, but that the same was caused by his alleged coconspirator McGruder, and the court gave fully in charge, as it was his duty to do, the doctrine of principals; so that if the jury should believe from the evidence, positive in its terms, that McGruder did the killing, and that Jones was present, and, knowing the unlawful intent of said McGruder, aided him by his acts, or encouraged him by words and gestures in said killing, that they would convict him. His presence, as stated before, was proven by positive testimony, and while the intent and purpose of being there, to give color and character to his presence, and what he did or did not do there, is to be gathered by circumstantial evidence, yet, as we understand it, when the act is established by positive evidence and the intent is to be inferred from circumstances, it is not necessary in such case to give a charge upon circumstantial evidence.   2 Thomp. on Trials, sec. 2505; The State v. Maxwell, 2 Iowa, 208.

Believing as I do that there was no occasion arising from the facts of this case to authorize the court to charge upon circumstantial evidence, and conceding that the charge given was erroneous, as not full enough, yet it in nowise prejudiced the defendant, but was rather in his favor, I can not concur in the views expressed by the majority of the court in this case, but dissent from same.