## JAY M. PORTER v. THE STATE.

No. 11426. Delivered November 21, 1928.

The opinion states the case.

*Aynesworth & Lackey, Curtis Douglass, Block & Groves* and *Robert M. Turpin* of Pan Handle, for appellant. On newly discovered evidence, appellant cites: McCowan v. State, 91 Tex. Crim Rep. 310; Douglas v. State, 284 S. W. 549; Giles v. State, 89 Tex. Crim. Rep. 441.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft, a felony; the punishment confinement in the penitentiary for two years.

The state's case depended largely on the testimony of one C. D. Mathews. Mathews worked for the Great Plains Petroleum Company near Borger. D. H. Boyles was president of the company. Mathews, who was drilling an oil well under the direction of Boyles, needed some casing. He testified that appellant and one Don Robinson approached him at the well; that appellant stated to him that he had some casing to sell; that he advised appellant that he (appellant) would have to see Boyles; that appellant saw Boyles and that Boyles bought the casing from appellant; that when the casing was delivered he paid appellant $500.00 in money therefor, which Boyles had furnished. Appellant and Robinson went with truck drivers employed by Mathews to Signal Hill, arriving there late at night, where the casing was taken from an abandoned well. The fact that the casing was stolen was undisputed. Appellant claimed that he was the innocent agent of Mathews in securing and delivering the casing. The state adopted the theory that appellant alone committed the theft

and that Mathews was not involved therein. However, it seems to have been the state's theory that Boyles knowingly received the stolen property from appellant. Boyles was indicted for receiving stolen property from appellant, and acquitted after appellant's conviction but before appellant's motion for a new trial had been acted upon by the court.

Appellant's motion for a new trial was based in part on averments to the effect that he had discovered new evidence since the trial which was material to his defense. No question of diligence is presented, the record showing that appellant is not chargeable with failing to use due and proper diligence in discovering the evidence in question before his trial. The affidavit of one of the witnesses, who states that he had been a friend and companion of Mathews, is to the effect that shortly before the casing was delivered to Boyles, Mathews stated to him that Boyles needed some casing; that he, Mathews, had some casing at a well at Signal Hill; that he was not going to let Boyles know it was his casing, as Boyles would not pay him for it if he became aware of such fact; that he was going to send for the casing and keep the money paid by Boyles. The affidavit of Boyles is to the effect that he never at any time contracted to buy any casing from appellant; that he gave Mathews $500.00 to pay for some casing, which was later delivered at the well with a bill of sale purporting to be signed by one Oscar Patterson.

Bearing in mind that the only issue was whether appellant or Mathews stole the casing and that the state relied largely upon the testimony of Mathews to show that appellant was the offender and that appellant testified to facts showing that he was the innocent agent of Mathews, it would appear that the testimony proposed to be adduced from the witness was material as original evidence, and would have supported appellant's theory of the case. It cannot be said that a jury hearing such testimony would probably render a verdict unfavorable to appellant. It follows that we are of the opinion that the learned trial judge abused his discretion in overruling the motion for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.