LAND, J.
The accused was indicted for murder, and pleaded not guilty. On the day set for the trial of the ease the following entry was made on the minutes of the court, to wit:
“On motion of the district attorney, the defendant was called for trial on the charge of manslaughter.”
The trial proceeded, and the accused was found guilty as charged by the unanimous verdict of the jury. A motion for a new trial was filed and overruled, and the accused was sentenced to imprisonment in the state penitentiary for 10 years. The accused has appealed.
We find attached to the record a bill of exception, not signed by the trial judge, for the reason that “no such bill was taken.” The bill recites that the accused objected to going to trial on the charge of manslaughter “for the reason that the indictment for murder had never been nolle prossed.” As it appears on the record that the accused was indicted for murder and tried for manslaughter, we think the legality of the proceeding may be considered as on assignment of error.
[1] The state had the right to abandon the charge of murder and to try the accused for manslaughter. Why should the accused complain of being relieved of all chance of conviction of the greater offense? See State v. Evans, 40 La. Ann. 216, 3 South. 838.
[3] There is an unsigned, bill of exception to the alleged charge of the court that nine members of the jury could render a verdict. The trial judge certifies that “no such bill was taken.” The record shows that all of the jurors concurred in the verdict.
Another bill, which the trial judge certifies was not reserved at the time, recites objections to rebuttal and surrebuttal evidence adduced on the part of the state. The bill shows that the same privilege was extended to the accused.
[2] The last bill was signed by the judge, but is without merit. A defense witness may be cross-examined as to his relations with the accused, for the purpose of showing bias, though nothing was said on the point in the examination in chief. State v. Willingham, 33 La. Ann. 537; State v. Fletcher, 127 La. 602, 53 South. 877. The discrediting of a witness is always relevant to the issue. State v. Griggsby, 117 La. 1046, 42 South. 497. The bias of a witness may be proved by his own testimony upon cross-examination or by independent evidence. Underhill on Evidence, p. 305.
After the cause was submitted, counsel for the accused filed briefs, in which, for the first time, objections were made based on alleged defects in the minutes of the court. Such objections come too late.
Judgment affirmed.