FOURNET, Justice.
 

 The defendant, Carlos P. Cortez, is appealing from his conviction and sentence to serve 20 months in the state penitentiary on a bill of information charging him with the possession of 21 marijuana cigarettes, in violation of Act 14 of the Second Extra Session of 1934, as amended by Acts 82 of 1938 and 6 of 1944, relying for the reversal thereof on two alleged errors committed during the course of his trial to which timely objections were made and bills of exceptions reserved.
 

 The record shows that the defendant and Steve B. Lombardo were charged jointly in a bill of information with the possession of 21 marijuana cigarettes, the state proceeding with the case against the defendant when Lombardo pleaded guilty on the day the case was called for trial. These two men, on the afternoon of August 26, 1946, were walking together in the direction of the river on Frenchmen street near Robertson and going toward the Lillie Bar, a hang out for marijuana addicts in the city, when they were arrested by two local police officers in the company of a federal narcotic agent. They were placed in the government automobile being used by the arresting officers and driven to the Third Precinct Police Station, Lombardo sitting, in the middle and the defendant on the left side of the rear seat of the car. Upon arrival at the precinct station both men were searched and six marijuana cigarettes, wrapped in a piece of white paper, were found concealed in Lombardo’s hand. None were found on the defendant but a search was immediately made of the automobile, in which the men had been taken to the station, by one of the officers and a package of 15 marijuana cigarettes, wrapped in the same kind of paper used to wrap the cigarettes in Lombardo’s hand and further concealed in a handkerchief, were found stuffed behind the rear seat of the car on the left side, the side where the defendant had been sitting. These 21 cigarettes were initialed by the arresting officers and placed in two separate envelopes, one containing the 6 cigarettes found in Lombardo’s hand, the other containing the 15 cigarettes found behind the rear seat of the automobile. The cigarettes, as thus separated, marked, and sealed, were delivered by the narcotic agent to the chemist of the Federal Narcotic Bureau. Mr. Hoyt, the chemist, examined and analyzed several of the cigarettes in each of the envelopes and although he did not remember the exact number examined by him when he was questioned on examination, he did know he had examined “enough of them to satisfy ourselves that they were marijuana.” After this examination and analysis, he returned the cigarettes, to the envelopes in the same condition in which they had been turned over to him and they were kept in his possession until
 
 *674
 
 brought by him to the courtroom on the day of the trial.
 

 The first bill was reserved by the defendant when the trial judge permitted the introduction, over the defendant’s objection of the 21 marijuana cigarettes in evidence, it being the defendant’s contention that these cigarettes not all having been examined and their contents analyzed by Mr. Hoyt, he had no means of identifying those he had examined. The second bill was reserved when the trial judge overruled the defendant’s motion for a new trial that was based, in addition to the objection made in the first bill, on defendant’s contention that the state introduced no evidence to prove his actual possession of the marijuana .cigarettes or that he had aided, abetted, or procured any other person in their possession.
 

 It is clear from the above facts that neither of the contentions of the defendant has any merit. It is not necessary that each and every one of the cigarettes be analyzed so long as the witness has analyzed enough of them to support his testimony as an expert as to their contents, and since there is some evidence (whether positive or circumstantial) to sustain the defendant’s conviction, this court cannot pass upon the sufficiency thereof, its appellate jurisdiction extending to questions of law alone in criminal cases. Section 10 of Article VII of the Constitution of 1921. See, also, State v. Gani, 157 La. 231, 102 So. 318; State v. McDonell, 208 La. 602, 23 So. 2d 230, and the authorities therein cited. “It is only where there is no evidence at all on some essential element of crime charged that (the court) may set aside a verdict * * State v. Holder, 159 La. 82, 105 So. 232; State v. McDonell, supra, and the authorities therein cited.
 

 For the reasons assigned, the conviction and sentence are affirmed.