HAWTHORNE, Justice.
 

 Defendant, Joseph A. Williams, having been found guilty of violating Article 120 of the Louisiana Criminal Code, Act 43 of 1942, which denounces the offense of corrupt influencing, is appealing to this court from his conviction and sentence to serve one year in the parish prison.
 

 It is to be observed that the indictment in this case is drawn in the identical language of the indictment in the case of State v. Williams, 211 La. 782, 30 So.2d 834, except for the name of the prosecuting witness and the date on which the offense was .committed. The material portion of the indictment in this case reads as follows:
 

 “ * * * That one Joseph A. Williams * *■ * did wilfully and unlawfully accept and offer to accept from one James Seaberry the sum of One Hundred Dollars and No Cents ($100.00) in United States Currency with the intention that the said Joseph A. Williams should corruptly influence the conduct of a public employee of the City of New Orleans to improperly approve the issuance of and cause to be issued Certificate of Public Necessity and Convenience, the aforesaid being iri relation to such employee’s position, employment and duty * *
 

 Defendant-appellant contends that the trial court erred in overruling his motion
 
 *929
 
 to quash the indictment. He alleges that the indictment is defective because it purports to charge him with two separate and distinct offenses in a single count and is therefore duplicitous, the two offenses being, first that the defendant did accept from James Seaberry the sum of $100.00, etc., and second, that the defendant did offer to accept, etc.
 

 The indictment in the instant case charges these two offenses iii the conjunctive. Article 222 of the Code of Criminal Procedure provides that, when several distinct offenses are disjunctively enumerated in the same law or the same section of a criminal statute, they may be cumulated in the same count when they are connected with the same transaction and constitute but one act, but in that event they must be charged conjunctively. The article of the Criminal Code under which defendant was convicted makes it an offense to accept or to offer to accept anything of apparent present or prospective value, etc., and, these offenses being charged conjunctively in the indictment in this case, defendant’s .contention is without merit. See City of Shreveport v. Bryson, 212 La. 534, 33 So.2d 60.
 

 The State admitted in its answer to a motion for a bill of particulars that it was unable to furnish the name of the public employee whom the defendant intended to influence corruptly or the public position held by him, as it did not have this information in its possession. Defendant contends that, since the State was not in a position to prove that a specific or named employee whose duty it was to issue such certificates was the person whom it was the intention of defendant to influence corruptly at the time he was alleged to have received the money, the indictment is fatally defective because it does not charge the essential elements of the offense denounced by Article 120.
 

 The indictment in the instant case being identical, except as above noted, with that in the case of State v. Williams, supra [211 La. 782, 30 So.2d 836], what we said in that case is applicable and controlling here, that is: “ * * * The fact that the employee was never designated by name in the indictment or in the evidence is immaterial as it does not appear such designation was necessary for the proper defense of the defendant or that he was in any wise prejudiced thereby.”
 

 The defendant has not advanced any valid reason why we should disturb our holding in the Williams case that it was n'ot necessary for the indictment to name the person intended to be corruptly influenced, for, in this case as in that one, it does not appear that such designation was necessary for the proper defense of the defendant or that he was in any way prejudiced.
 

 Certainly the failure of the indictment to name the public employee does not subject it to the objection that it fails to allege all the essential elements of the offense denounced by Article 120. A reading of the
 
 *931
 
 indictment together with the article clearly shows that it informs the defendant of the nature and cause of the accusation against him and sets forth all the essential elements constituting the crime charged.
 

 Defendant’s next ground of complaint is to the refusal of the trial judge to give a special charge which he designates as Special Charge No. 3.
 

 Under the provisions of Article 390 of the Code of Criminal Procedure, the trial judge must give a requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge has been already given or unless such charge requires qualification, limitation, or explanation.
 

 In our opinion, the trial judge did not err in refusing to give this special charge, as it is not wholly correct. That portion of the charge which does not correctly state the law reads as follows:
 

 “ * * * the State must * * * prove * * * beyond a reasonable doubt * * * that such public employee * * * had the legal right to issue or refuse from issuing such certificate of public necessity and convenience.”
 

 Article 120 of the Criminal Code, insofar as it is pertinent here, defines the crime of “Corrupt Influencing” thus:
 

 “Art. 120. Corrupt influencing is the * * * accepting or offering to accept anything of apparent present or prospective value by any person, with the intention that' the recipient shall corruptly influence the conduct of any of the persons named in Article 118 (public bribery) in relation to such person’s position, employment or duty.
 

 Among the persons named in Article 118 is a public officer or public employee.
 

 From the language of Article 120, it is evident that the recipient has only to accept something of value with the intention that he, the recipient, shall corruptly influence the conduct of a public employee (in the instant case, an employee of the City of New Orleans) in relation to such public employee’s position, employment, or duty.
 

 In this case it is not essential to the guilt of the accused that the State prove that such employee had the legal right to issue or refuse to issue a certificate of public necessity and convenience, for it is sufficient that his position, employment, or duties are. connected with the issuance of such certificates, and that his conduct in relation to his position, employment, or duties is intended to be influenced corruptly by the recipient of the money.
 

 The indictment does not allege or charge that the defendant accepted the money with the intention of having the public employee himself issue the certificate, for it reads in part thus:
 

 “ * * * with the intention that th,e said Joseph A. Williams should, corruptly influence the conduct of a public employee of the City of New Orleans to improperly
 
 *933
 
 approve the issuance of and cause to be issued Certificate of Public Necessity and Convenience * *
 

 We therefore conclude that it was not necessary for the State to prove beyond a reasonable doubt that the public employee in the instant case had the legal right to issue or to refuse to issue such a certificate, and thus the charge requested was an improper one.
 

 Defendant further complains that, although the trial judge granted his request for several requested charges, all of which are in the record, the court failed to apply the law as set out therein to the evidence heard on the trial of the case. He argues that, had the court done so, it would have been bound to hold that the State had failed to prove its case against the defendant and would have been forced to find him not guilty, and, further, that there was no evidence whatsoever before the court to prove defendant guilty beyond a reasonable doubt of the crime charged in the indictment. Defendant particularly urges that nowhere in the evidence is the necessary criminal intent required by the article proved beyond a reasonable doubt.
 

 All of the testimony adduced on the trial of this case in the district court is in the record, and we have read and analyzed it. From this examination we are convinced that some legal evidence was adduced of all essential facts necessary for a conviction, and we cannot, under our appellate jurisdiction, pass on the sufficiency of the evidence. Moreover, we do not find that the trial judge failed to apply the law as set out in the special charges, given at defendant’s request, to the evidence adduced during the trial.
 

 The trial judge found that the defendant accepted the $100.00 from James Seaberry with the intention of corruptly influencing the conduct of an employee in the office of the Commissioner of Public Utilities in relation to such employee’s position, employment, or duty in connection with the issuance of certificates of public necessity and convenience, and from our appreciation of the evidence we cannot say that he was incorrect in so finding.
 

 Defendant filed in this court a motion to strike the judge’s per curiams from the bills of exception on the ground that the per curiams had been prepared by the judge and had been dated several weeks after the bills of exception had been presented to, and signed by, the trial judge and after the order of appeal was granted. The State strenuously opposes this motion.
 

 In this case it is not necessary to pass on the question of whether these per curiams can be considered by this court, for a consideration of the per curiams would not alter the decision in this case; that is, the same result would be reached without considering the per curiams. We think it would be proper to consider the merits of the defendant’s motion only if a consideration of the per curiams would affect the case adversely to the defendant; for in any
 
 *935
 
 •case a judgment cannot be set aside or a new trial granted unless the error has •caused a miscarriage of justice, is prejudicial to the substantial rights of the accused, •or constitutes a substantial violation of a •constitutional or statutory right. See Article 557, Louisiana Code of Criminal Procedure.
 

 Counsel for defendant admitted in argument before this court that he was not contending that the defendant was prejudiced in any way by the per curiams, and, as set •out before, this is true. It is not incumbent upon the court, therefore, to pass on the technical question raised by the motion to strike.
 

 The conviction and sentence are affirmed.
 

 O’NIELL, C. J., does not take part.