62 So.2d 651

**STATE v. COFFIL.**

No. 40834.

Dec. 15, 1952.

Rehearing Denied Jan. 12, 1953.

F. Irvin Dymond, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

PONDER, Justice.

The defendant, Thomas Coffil, was tried, convicted of manslaughter, and sentenced to serve three years in the penitentiary. He has appealed.

██ Four bills of exception are presented on this appeal. Bill of exception No. 1 was taken to the overruling of the defendant's objection to the following question propounded by the trial court to a witness for the defense, while on cross-examination, viz.: "But the first use of the knife or weapon was in the hands of the Coffil woman, is that right?" The defendant answered the question, "That's right." Counsel for the defendant objected to the mode of the questioning by the court. He has attached a note of testimony showing that the court propounded several questions to this witness prior thereto which were answered without objection. We cannot review these prior questions and answers because no objection or bill of exception was timely taken. The question propounded by the court which was objected to is the only one we are authorized to review. It appears that the wife of the defendant was engaged in a fight with Joanna Powell and Mabel Price at the time the defendant shot Mabel Price, the deceased. The record contains only a short excerpt of the testimony of the defendant's witness while on cross-examination. The record does not show what was brought out on the direct examination of this witness, but the excerpt of testimony, attached to the bill, shows that the defendant's wife grabbed at and raked at *her*, without stating who the person was. The trial judge in his per curiam stated that the witnesses to the occurrence were illiterate, of low mentality, and for the most part unintelligent; that the witnesses frequently referred to the participant in the fight as "she" or "her", without designating the name of the individual who was described as doing any of the acts which were being attributed to her by the witnesses, which was most confusing to both the court and the jury; that, such being the case, the court endeavored to keep the narrative intelligible and to preserve some measure of certainty as to what did happen and the parts played by the persons engaged in the fight. Counsel for the defendant concedes that the judge has not only the right but the duty to understand what goes on before him and to question witnesses if necessary for that purpose. However, he contends that the question propounded by the court to the witness was a comment on the facts in view of the particular defense urged by the defendant, viz.: that the defendant was justified in killing in defense of his wife when it was reasonably apparent that the person attacked was warranted in using such means herself, and when it was reasonably believed that such intervention was necessary to protect his wife, as set out in LSA–R.S. 14–22. It would appear that the trial judge was endeavoring to clarify the testimony so that it would be intelligible and he had the right to interrogate the witnesses

sufficiently to know and understand what they said and what they meant, and to shape his questions so as to clarify their testimony. State v. Green, 36 La.Ann. 185; State v. Gauthreaux, 134 La. 690, 64 So. 680; State v. Graffam, 202 La. 869, 13 So. 2d 249; State v. Wilson, 204 La. 24, 14 So.2d 873.

■■ Bill of exception No. 2 was taken to the court's refusal on its own motion to let the defendant's wife testify as to her purpose in going to the district attorney's office the morning of the killing. The court stated at the time the objection was urged that it was not going into anything that happened prior to the offense unless it could be shown that it was connected with the offense on trial. Counsel submitted this bill of exception on the record without argument and without briefing it. It is not stated in the bill of exception what the objection was leveled at or what the purport of the testimony would have been. Such being the case, we are in no position to say whether the testimony was relevant or not. The trial judge is vested with sound discretion to stop the prolonged, unnecessary and irrelevant examination of witnesses whether such examination be direct or cross, even though no objection be urged by counsel. LSA–R.S. 15:369.

■ Bill of exception No. 3 was taken to the court's refusal on objection by the state to permit a private investigator employed by defense counsel to read a statement taken by him from a defense witness whom counsel contends had taken him by surprise by testifying differently from what she had previously stated. The testimony of the alleged hostile witness is not in the record. A copy of the previous statement of the witness is in the record, but it is not shown in the record wherein the witness testified contrary to the statement. This bill of exception was submitted on the record without argument and it is not discussed in counsel's brief. No error in the ruling of the trial court is shown.

■ Bill of exception No. 4 was taken to the overruling of a motion for a new trial predicated on the other three bills of exceptions which we have disposed of and the allegation that the verdict was contrary to law and evidence. We have stated on so many occasions that a motion for a new trial based on the grounds that the verdict is contrary to the law and the evidence does not present any question for review that it is unnecessary to cite authorities to that end.

For the reasons assigned, the conviction and sentence are affirmed.