93 So.2d 920

**STATE of Louisiana**

v.

**Isaac PEART.**

No. 43094.

Feb. 25, 1957.

Lyall G. Shiell, Jr., Henry M. Elkins, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Edward M. Baldwin, Asst. Dist. Atty., New Orleans, for appellee.

HAMLIN, Justice ad hoc.

The defendant appeals from his conviction of the crime of aggravated rape, LSA–R.S. 14:42 and his sentence of death by electrocution.

The two Bills of Exceptions reserved during the trial are presented for our consideration.

Bill of Exceptions No. One was taken to the ruling of the trial court in allowing two oral confessions and a written confession to be introduced in evidence.

Defendant contends that the purported confessions were elicited through duress and violence, and his counsel argues—

"* * * that where there is the slightest doubt of the validity of any confession, that doubt should be resolved in favor of the defendant, particularly in a capital punishment case. It is further submitted that there exists such a doubt in this instance and the admission of confessions was in error."

Examination of the testimony attached to the bill discloses that the defendant was arrested at approximately 11:30 p. m. on

July 16, 1955, shortly after the commission of the offense charged. He was taken to the precinct station by the two arresting officers and locked in a cell. At approximately 1:15 a. m., July 17, 1955, he was taken to the coroner's office for examination and then returned to the police station. Commencing at 3:00 a. m., the defendant was questioned, and between that time and 4:15 a. m., he gave two oral confessions. Defendant's confession was then reduced to writing from statements given by him. The preponderance of the evidence is to the effect that the defendant read the confession and then signed it. The father of the victim's fiancee testified that the confession was read aloud to the defendant before he signed it. The entire procedure was concluded at approximately 5:00 a. m., on July 17, 1955.

The testimony of Officers Paul Sperandeo, Jacob Barruso, A. Polito, Edward O'Donnell, Detectives Orin Mills and Rene Latterade, and Sergeants Sidney Cellos and Hubert Badeaux, is to the effect that no violence or duress was exercised on the defendant from the time of his arrest until the conclusion of his confessions, that no inducements were made to him, that he was not threatened, and that his confessions were given voluntarily. The testimony of Doorman Peter Ory is to the same effect. Two friends of the defendant, who were brought in for questioning and were present at the time the written confession was taken, testified that there was no intimidation of the defendant. The victim's fiancee and his father were present at the time the written confession was taken, and their testimony, to the effect that the confession was given voluntarily and signed without hesitation, is clear and concise. Peter C. Cazolot, Sr., father of the victim's fiancee, signed the document at the end thereof.

The defendant's mother testified that she saw him in jail on Sunday afternoon, July 17, 1955; that his eyes were black, and that he had a swollen place on his forehead and two marks on his wrists. She said she saw him on Sunday morning, July 17, 1955, between 12:30 and 1:00 a. m., and that he was not in such a condition.

The defendant testified that Sergeants Badeaux and O'Donnell beat him while he was in the police car, that he was beaten while he was in the cell at the police station, that his confessions were not given voluntarily, and that some of the witnesses who stated they were present when the confession was signed were not present.

It is the basic law of this State that—

"Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises." LSA-R.S. 15:451.

■ The evidence attached to Bill of Exceptions No. One clearly preponderates that the defendant's confession was given voluntarily and that. he read and signed it without threats, inducements, promises, or intimidation.

■ The question of the admissibility of the confessions addressed itself to the trial judge, and his ruling will not be disturbed unless it is clearly against the preponderance of the evidence. State v. Cook, 215 La. 163, 39 So.2d 898; State v. Palmer, 227 La. 691, 80 So.2d 374. We find no error in the ruling of the trial judge in permitting the confessions to be introduced in evidence, and the bill is, therefore, without merit.

■ Bill of Exceptions No. Two was reserved when the trial judge refused to grant the defendant a new trial.

Counsel's motion alleged that the verdict was contrary to the law and the evidence.

. Since Bill of Exceptions No. Two presents nothing new for our consideration, it is without merit. State of Louisiana v. Mills, 229 La. 758, 86 So.2d 895; State v. Coffil, 222 La. 487, 62 So.2d 651.

For the reasons assigned, the conviction and sentence are affirmed. .

HAWTHORNE, J., absent.