150 So.2d 4

STATE of Louisiana

v.

Oscar Milton TEDETON, alias
Buddy Tedeton.

No. 46329.

Feb. 18, 1963.

Dhu & Lea S. Thompson, Monroe, for
defendant and appellant.

Jack P. F. Gremillion, Atty. Gen., M. E.
Culligan, Asst. Atty. Gen., Albin P. Las-
siter, Dist. Atty., Gilbert T. Brown, Jr.,
Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was convicted of assaulting two police officers while armed with a dangerous weapon, i. e., a shotgun, in violation of R.S. 14:37 and sentenced to imprisonment of one year in the parish jail. During the trial he reserved three bills of exceptions on which he depends for a reversal of his conviction.

■ Bill No. 1 was taken to the refusal by the judge to give himself[1] five special charges requested by defense counsel. These special charges pertain to appellant's defense that the officers allegedly entered his home for the purpose of unlawfully arresting him, without a warrant, for a misdemeanor not committed in their presence and that he was, therefore, justified in resisting their trespass and intrusion under R.S. 14:19[2] even with a loaded shotgun.

On the evening of February 15, 1962, deputies Kirby and Booth of the Ouachita Parish Sheriff's Department were investigating a complaint of a battery in which one Lonnie Frost had been severely beaten. Having received information that appellant was one of the assailants, the officers went to the house in which appellant was living, an old-style farm building with a hall running through the center, for the purpose of interviewing him. One of the officers knocked on the door of a room occupied by appellant and, upon identifying himself, stated that he wished to talk with him. Whereupon, appellant began to use profanity and threatened the officer. At this time, the other officer came to the door and identified himself to appellant, believing that the latter would talk with him since they were acquaintances. Instead, appellant opened the door and pushed a shotgun through it, clicking off the safety at that moment. However, the officers were able to disarm appellant and he was then arrested for the aggravated assault charged herein.

Defense counsel's argument anent justification is founded on the premise that the officers went to appellant's home primarily for the purpose of arresting him for simple battery (a misdemeanor) upon Lonnie Frost.

We find no substance in this position as the evidence does not show that the officers attempted to arrest appellant prior to the time he assaulted them with the shotgun. The evidence, as the judge states in his

---

1. Aggravated assault is a misdemeanor and is, therefore, not triable by jury.
2. It reads: "The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide."

per curiam, reveals that the officers, upon their arrival at the premises in which appellant was living, merely told appellant, after identifying themselves, that they wished to talk to him. The requested instructions, which all pertain to the asserted justification of the assault on the officers, were, accordingly, properly rejected.

Bill No. 2 was taken to the overruling of a motion for a new trial. The motion is based principally on the ground that the verdict is contrary to the law and the evidence which presents nothing for review.

The motion also states that appellant was prejudiced because of a remark made by one of the officers when he was testifying for the State. Since counsel did not object at the time the testimony was given, it comes too late; the prejudicial effect of the evidence cannot be urged on a motion for a new trial. Article 510, Code of Criminal Procedure (R.S. 15:510).

Bill No. 3, which was taken to the overruling of a motion in arrest of judgment, presents nothing for review as it relates solely to matter which does not appear on the face of the record. See Section 518, Code of Criminal Procedure (R.S. 15:518).

The conviction and sentence are affirmed.