164 So.2d 322

**CITY OF MONROE**

v.

**Robert Curtis DOZIER, JR.**

No. 46948.

May 4, 1964.

Rehearing Denied June 8, 1964.

Joseph S. Guerriero, Monroe, for defendant-appellant.

ˋ Charles L. Hamaker, Monroe, for plaintiff-appellee.

HAWTHORNE, Justice.

Robert Curtis Dozier, Jr., charged with the crime of driving while under the influence of an alcoholic beverage denounced by Section 24–6 of the Traffic Code of the City of Monroe, Louisiana, was tried, adjudged guilty, and sentenced to pay a fine of $425.00 and $10.00 court costs, and in default of payment of fine to serve seven months in the city jail. From this conviction and sentence he has appealed to this court.

For reversal of the conviction and for a new trial appellant relies on two bills of exception, one taken to the overruling of a motion for a new trial and the other to the overruling of a motion in arrest of judgment.

The motion for a new trial first recites that the verdict is contrary to the law and the evidence, and that the facts shown on the trial were such that the appellant should not have been convicted. Such allegations in a motion for a new trial present nothing for review in this court. State v. Coffil, 222 La. 487, 62 So.2d 651; State v. Emerson, 233 La. 886, 98 So.2d 225; State v. Tedeton, 243 La. 1031, 150 So. 2d 4.

The motion also alleges that the trial judge failed to consider testimony of certain named defense witnesses and failed to give weight or credence to their testimony, and that all this evidence if considered was sufficient to acquit the accused.

Under Article 7, Section 10, of the Constitution of this state the appellate jurisdiction of this court in criminal cases is limited to questions of law alone. The weight and sufficiency of the evidence and the credibility of the witnesses are questions of fact which this court cannot review on appeal, but are matters exclusively within the province of the trial judge or jury. State v. Lassiter, 198 La. 742, 4 So.2d 814; State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Cortez, 211 La. 669, 30 So.2d 681; State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Williams, 213 La. 924, 35 So.2d 856; State v. Vallery, 214 La. 495, 38 So.2d 148; State v. Haddad, 221 La. 337, 59 So.2d 411; State v. McIlvaine, 245 La. 649, 160 So.2d 566.

The motion makes other allegations which are somewhat vague. However, we

have construed these allegations most favorably to appellant and will treat them as alleging that there was no evidence at all upon an essential element of the crime charged, that is, that there was no evidence that the accused was under the influence of an alcoholic beverage. This allegation, then, does present a question of law, and in order to answer it we have read all the testimony and considered the evidence adduced at the trial, all of which appellant has annexed to his bill taken to the overruling of his motion for a new trial.

■ Several witnesses on behalf of the City testified that the accused, who was driving the car, was intoxicated, or under the influence of an alcoholic beverage; that the vehicle he was driving was weaving from one lane of traffic to the other; that he smelled strongly of alcohol, his eyes were red and glassy, and he was slightly unsteady on his feet; and they gave other testimony along these lines which it is not necessary for us to relate. Thus there was some evidence to sustain the conviction, no matter how little, and under the law this court, as stated above, cannot pass upon its sufficiency.

■ The motion for a new trial further alleges that mover has discovered new evidence in the case, and then recites only the name of the witness and what testimony she would give. Under the provisions of Article 511 of the Code of Criminal Procedure the motion for a new trial on the ground of newly discovered evidence must recite, among other things, that the evidence is not merely cumulative and does not merely corroborate or impeach the credibility of any witness examined on the trial; and these allegations must be sworn to by the accused. These allegations are not contained in the motion in the instant case. In any event, however, the trial judge in his per curiam informs us that he denied a new trial on this ground because " * * * the disclosed testimony of the newly-found witness is merely cumulative of testimony already before the court, to none of which this Court can give sufficient weight to offset the positive testimony of prosecution * * *". His ruling is correct.

■ Appellant's motion in arrest of judgment alleges merely that the trial judge failed to give proper credence to the testimony of certain named witnesses of the defense. The law is well settled that a motion in arrest of judgment lies only for a substantial defect patent on the face of the record, La.Code Crim.Proc. Art. 517, and that "No defect * * * that can not be ascertained without an examination of the evidence, is good ground for arresting judgment", La.Code Crim.Proc. Art. 518; State v. Gatlin, 241 La. 321, 129 So.2d 4; State v. Cooper, 231 La. 187, 91 So.2d 5.

For the reasons assigned the conviction and sentence are affirmed.