292 So.2d 197 (1974)
STATE of Louisiana
v.
Richard BOWEN.
No. 54119.
Supreme Court of Louisiana.
March 25, 1974.
*198 Joel B. Dickinson, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Aubert D. Talbot, Dist. Atty., A. J. Kling, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant, Richard Bowen, was charged by bill of information with simple burglary in violation of R.S. 14:62. He was tried by jury, convicted and sentenced to serve six years imprisonment at hard labor. On appeal, defendant relies on five bills of exceptions to obtain a reversal of his conviction and sentence.
Bills of Exceptions Nos. 1, 2 and 3 were reserved in connection with the cross-examination by the State of defendant's alibi witness, Mrs. Linda Wunstel. Bill of Exceptions No. 4 was allegedly reserved to the questioning of a State witness for the purpose of impeaching the testimony of Mrs. Wunstel.
On direct examination, Linda Wunstel testified that defendant had spent the night with her at her apartment on the night of the alleged burglary. Her testimony was that she slept in the bedroom with one of her children, whereas, defendant slept in the living room with other guests. On cross examination, the district attorney first inquired as to her marital status, to which the witness replied that she had been legally separated on September 22, 1972. Inquiry was then made as to the whereabouts of her children whom she had mentioned in her direct examination. She responded that they were staying with her husband. Thereupon, the following interchange occurred:
"Q. At that separation, at that time, September 22, 1972, who had custody of the children?
"A. I did.
"Q. Since September 22, 1972 and presently there has been a change of custody? Is that right?"
Defense counsel objected on the ground that this line of questioning was irrelevant and immaterial. The State argued that the questions were proper in order to show that the witness was biased and had an interest in the outcome of the case. The trial court overruled the objection, and Bill of Exceptions No. 1 was reserved.
R.S. 15:492 provides:
"When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admits such *199 fact, any other witness may be examined to establish the same."
It is not competent to impeach a witness as to collateral facts or irrelevant matter. R.S. 15:494. We fail to understand how the witness' custody or lack of custody of her children would indicate her bias or interest in the outcome of the case. Hence, this line of questioning was irrelevant and immaterial; however, we do not find that it had any prejudicial effect on the rights of the accused. Article 921 C.Cr.P.
In a further attempt by the prosecuting attorney to impeach defendant's alibi witness on cross-examination, the following interchange occurred:
"Q. How many times did Richard Bowen spend the night at your apartment?
"A. I'm not certain. Three or four at the most. I don't know exactly. At the time I didn't dream of anything like this happening.
"Q. And on none of those occasions that he spent the night at your apartment was he in your bedroom with you?
"A. Not in bed with me. No, I certainly couldn't truthfully say that we have never been in the same room together but not in bed.
"Q. Now, Mrs. Wunstel, you know what I am talking about the bedroom and I'm talking about was he ever in your bed in your bedroom?
"A. No, no he wasn'tnot with me in it.
"Q. He was in the bed in your bedroom, was he not?
"A. He could have been.
"Q. And your own father saw him, isn't that true?
"A. My own father could have seen him in there when I was not there.
"Q. I'm talking about when you were there, not in the bed necessarily, but he was in the bed in your bedroom?
"A. It's possible.
"Q. All right. Are you pregnant?
"A. I most certainly am not."
At this point, defense counsel objected on the ground that the questions were of a slanderous and defamatory nature and prejudiced the defendant. The objection was overruled, and Bill of Exceptions No. 2 was reserved.
R.S. 15:492, quoted above, permits questioning of a witness as to any particular fact showing or tending to show his bias, interest or corruption. Thus, a defense witness may be cross-examined as to his relations with the accused for the purpose of showing bias and the weight and credibility to be afforded his testimony. State v. Fontenot, 131 La. 60, 58 So. 1033 (1912); State v. Johnson, 48 La.Ann. 437, 19 So. 476 (1896).
Therefore, we find the line of questioning employed by the State was permissible. Bill of Exceptions No. 2 is without merit.
Continuing his attempt to impeach defendant's alibi witness on the ground of bias, the prosecuting attorney pursued the following line of questioning:
"Q. Did you go to Marshall `Pete' Bourque's office on the evening of December 1?
"A. I was called and asked to go and I did go at his request.
"Q. And you did go at his request?
"A. Yes, I did.
"Q. Did he question you?
"A. Yes, he did.
"Q. Did he question you in connection with Richard Bowen?
"A. That's the only reason he had to question me.
*200 "Q. Did you tell Marshall Bourque of any intimate relations between you and Richard Bowen?
"A. Of course not.
"Q. Of course not. Now, Mrs. Wunstel, I want to put you on your guard because I intend to impeach your testimony and I am going to lay this foundation properly. And I am going to ask you these questions and you answer it and I'm going to get to the final question again and that's when I think you had better start telling the truth."
Whereupon, defense counsel objected and requested that the last above quoted remark of the prosecuting attorney be stricken from the record and that the jury be instructed to disregard the remark. Defense counsel contends that the remark was insulting to the witness.
The trial judge addressed the jury as follows:
"JUDGE: Gentlemen, of course you understand that anything that Mr. Talbot may say in his questioning or in his argument is not evidence. He is entitled however, to warn the witness, that is to say lay a foundation as he says that he intends to impeach her testimony. That he intends to show that she is not telling the truth to the extent that he has done this, it is proper. You are not to draw any other inference from what he said except as the evidence proceeds. With that statement to the jury, Mr. Dickinson, the objection is overruled."
Bill of Exceptions No. 3 was reserved to the ruling on the objection.
Once again, the line of questioning tending to show bias or interest on the part of the witness is permissible. Whatever prejudicial inference could be drawn from the prosecuting attorney's statement to the witness that she "had better start telling the truth" is amply overcome by the trial judge's explanation to the jury. Since no prejudice resulted therefrom, Bill of Exceptions No. 3 is without merit.
Bill of Exceptions No. 4 was allegedly reserved to certain questioning of a State witness on direct examination. The questioning complained of follows:
"Q. Marshall Bourque, on December 1, the afternoon of December 1st, did you have occasion to question Linda Wunstel in connection with this particular crime?
"A. Yes, I did.
"Q. Did you question her in relationship with both of the people who were accused of this crime. Both Bruce Crawford and defendant in this present case, Richard Bowen?
"A. Yes, sir.
"Q. Did at that time during this questioning Linda Wunstel, the person who was just on the stand, admit to you anything in connection with intimate relations with this accused Richard Bowen?
"A. She admitted that she had intercourse with him."
The transcript discloses that the above quoted testimony was solicited and obtained without objection by the defense. Since no objection was made by the defense, there is no ruling by the court nor reservation of a bill of exceptions. Therefore, purported Bill of Exceptions No. 4 presents nothing for our review. Article 841 C.Cr.P.; Article 920(1) C.Cr.P. Nevertheless, we find the line of questioning of this witness by the State was clearly permissible for impeachment purposes.
Bill of Exceptions No. 5 was reserved when the trial judge denied defendant's motion for a new trial. The motion alleges that the verdict is contrary to the law and the evidence, as there is no evidence whatsoever of defendant's guilt, except for the testimony of Bruce Crawford, an accomplice, which is not worthy of belief because he has a long criminal record and at one time was treated in a mental institution.
First, the allegation that the verdict is contrary to the law and evidence presents no question of law for our review. The sufficiency of the evidence is not reviewable on appeal; it is only where there is no evidence to support an essential element of the crime that the Court will review *201 the record on appeal. State v. Vincent, 284 So.2d 563 (La.1973). In denying the motion, the trial judge found sufficient evidence to support the jury's verdict of guilty. Likewise, a review of the entire record by us reveals ample evidence to support every element of the crime of simple burglary. Crawford's criminal record does not affect the admissibility of his testimony; merely the credibility thereof. State v. Henry, 197 La. 999, 3 So.2d 104 (1941). Furthermore, the transcript indicates that defendant made no objection to the testimony of Crawford. Thus, defendant acquiesced in whatever irregularity or error, if any, which might have resulted from the admission into evidence of Crawford's testimony. Article 841 C.Cr.P. Since no objection was timely made, defense counsel cannot urge on a motion for new trial the alleged error complained of. See State v. Tedeton, 243 La. 1031, 150 So.2d 4 (1963).
Thus, we find no merit in Bill of Exceptions No. 5.
For the reasons assigned, defendant's conviction and sentence are affirmed.
BARHAM, J., concurs.