391 So.2d 1138 (1980)
STATE of Louisiana
v.
Ray Gerard PONTHIER.
No. 67399.
Supreme Court of Louisiana.
November 10, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-appellee.
James Farrier, Baton Rouge, Nolan J. Edwards, Stefanski & Barousse, Crowley, for defendant-appellant.
WATSON, Justice.
Defendant, Ray Gerard Ponthier, was convicted by a jury of six counts of public bribery, in violation of LSA-R.S. 14:118. A sentence of five years with the Department of Corrections on count one was suspended. Defendant was placed on five years active probation, conditioned on payment of a $1,000 fine and six months in jail. One identical concurrent sentence was imposed for the other five counts. Ponthier has appealed his convictions and sentences, assigning five errors in the trial court.

FACTS
Ponthier approached State Trooper William Biossat in East Baton Rouge's Clown *1139 Room Lounge just after midnight on January 17, 1978. Biossat and his companion, State Trooper Jack Jackson, were in plain clothes. Ponthier knew Biossat and offered him $500 to get a DWI charge dropped (Count I) and an additional $200 for a simple battery charge scheduled to be tried later that morning (Count II). Biossat had the trial of the battery continued and Ponthier paid him $100 that evening (Count III).[1] Further payments of $100 each were made on January 19, February 16, and March 23, 1978 (Counts IV, V and VI).[2]

ASSIGNMENTS OF ERROR NUMBER ONE, FOUR AND FIVE
Defendant contends that the trial court erred in denying a motion to quash, motion for a new trial and motion in arrest of judgment on the ground that the bill of information was defective in charging him with six counts of bribery rather than two. It is argued that Counts I, IV, V and VI, relating to the DWI charge, constitute one offense, and Counts II and III, relating to the battery charge, constitute a second offense. Defendant contends that charging the two crimes as six was highly prejudicial and requires reversal of the convictions and sentences. Also, defendant maintains that there was no violation of LSA-R.S. 14:118 because Biossat had no authority to dismiss the pending charges. Thus, Ponthier could not influence Biossat's performance of his official duties.
LSA-R.S. 14:118 provides:
"Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty: "(1) Public officer or public employee; or
* * * * * *
"The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery.
"Whoever commits the crime of public bribery shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both."
All that the statute requires is the "intent to influence". The inability of the public employee to return value for the bribe is immaterial. See State v. Williams, 213 La. 924, 35 So.2d 856 at 858 (1948):
"... it is not essential ... that the State prove that such employee had the legal right to issue or refuse to issue a certificate of public necessity and convenience,... it is sufficient that ... his conduct in relation to his position, employment, or duties is intended to be influenced corruptly...".
The State's position is that each offer and each gift constitutes a separate crime; that the installments were separate attempts to influence. However, there was a specific intent to influence a public employee in only two respects. Four of the counts charged had the same essential elements as those two. Since the gravamen of the six charges is essentially represented by two, Ponthier was erroneously charged with six counts of public bribery. See State v. Didier, 262 La. 364, 263 So.2d 322 (1972). There were two violations rather than six. Defendant filed a timely motion to quash the extraneous counts. Compare State v. Johnson, 278 So.2d 84 (La., 1973).
The next question is whether defendant was so prejudiced by having the two crimes charged in six counts that all the convictions must be reversed. Generally, one offense can be charged in separate counts, but only one sentence can be imposed. See Comment, 37 La.L.Rev. 203 at 227. However, if multiplicity creates such prejudice that a fair trial is impossible, the multiple counts should be quashed. Compare LSA-C.Cr.P. art. 495.1.
*1140 Here, the separate counts related to a common scheme or plan. LSA-C.Cr.P. art. 493. No evidence was presented on the six counts that would have been inadmissible if Ponthier had been charged with only two. The jury in effect reached separate verdicts on components of two crimes. However, the facts were not complex. There was no reason for the jury to have been confused. The appropriate remedy is vacation of the convictions and sentences as to the excess counts. United States v. Gaddis, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); State v. Bluain, 315 So.2d 749 (La., 1975).
Only two sentences were imposed on Ponthier. However, the collateral effects of the additional four convictions require that they be vacated. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); United States v. Canty, 469 F.2d 114 (D.C., 1972); Blenski v. State, 73 Wis.2d 685, 245 N.W.2d 906 (1976); People v. Lilly, 56 Ill.2d 493, 309 N.E.2d 1 (1974); Carr v. State, 338 So.2d 267 (Fla.App. 1 Cir. 1976). Therefore, the convictions on counts III, IV, V and VI must be vacated.
Although the trial court imposed only two sentences, those sentences reflected conviction on six counts. Therefore, the matter must be remanded for resentencing on counts I and II.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant complains of the trial court's refusal to allow cross-examination of Officer Biossat about a fake raid conducted at the Clown Room Lounge. The questioning was designed to show that the only purpose of the raid was to give the patrons confidence in the officers who congregated there. It related to an entrapment defense. Since the alleged raid was conducted after the initial bribe, it was irrelevant to the entrapment defense.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
The defendant assigns as error the trial court's refusal to give a requested charge about entrapment. The actual instructions to the jury more than encompassed the requested instruction.
This assignment has no merit.
For the foregoing reasons, the convictions on counts III, IV, V and VI are vacated and set aside. The convictions on counts I and II are affirmed, but the convictions are remanded for resentencing.
REVERSED IN PART; AFFIRMED IN PART; REMANDED FOR RESENTENCING.
NOTES
[1] Another $110 was paid that morning in the Parish of West Baton Rouge, where the battery charge was to be tried.
[2] Ponthier paid Biossat a total of $510 but only $400 in the Parish of East Baton Rouge.