PONDER, Justice Ad Hoc.*
James Michael Hebert was convicted on nine counts of public bribery. On Count I, he was sentenced to three years at hard labor and a fine of $1,000.00 plus costs, in default of which he was to serve 60 days in jail. On each of the other eight counts, he was sentenced to serve three years imprisonment, to run concurrently.with the sentence on the first count.
On appeal, he assigns errors that:
1. the court refused to quash the indictment because the bill of information was multiplicitous;
2. the court refused to quash the indictment and to grant a new trial on grounds of entrapment;
3. the court overruled objections to introduction of evidence of other crimes without Prieur notice and hearing;
4. the court erred in denying the use of the words “prior trial” rather than “prior hearing”;
5. the court refused to give a charge that an offer to bribe and a bribe payment constituted a single offense; and
6. the court erred in imposing sentence for improper motives.
While Trooper Biossat, of the Intelligence Division of Louisiana State Police, was making an alcoholic beverage inspection of defendant’s place of business, the Clown Room, in March, 1977, defendant made the remark that “he’d like to take care of someone who would keep the heat off him.” In December, 1977, defendant called Biossat and his co-worker aside to ask what could be done to take the “heat off.” After Bios- *677 sat had given some partially true information to Hebert, defendant, on January 19, 1978, offered to give and Biossat agreed to take $300.00 a week for protection. On January 26, Hebert gave Biossat $100.00. On February 27, Hebert dropped the offer to $150.00 per week. On February 28, March 10, 14, 28, 29 and April 5, payments of $150.00 each were made. Count I was the offer of January 20, Count III was the offer of February 27, and Counts II and IV through IX were the payments listed above.
The first assignment of error is that the bill of information charged one offense in nine counts.
La. R.S. 14:118 reads in pertinent part:
“Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee; or
♦ * * * * *
Whoever commits the crime of public bribery shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.”
As we read the statute it proscribes both the giving and the offering to give without a provision that the offer and the taking shall together constitute a single offense. Defendant relies on State v. Ponthier, 391 So.2d 1138 (La.1980) in which the court held that the offer to give $700.00 to influence the officer’s conduct in two matters and the payment of several installments constituted only two offenses. We distinguish the Pon-thier case by pointing out that the payments to the officer were installments on a set price for the “fixing” of a DWI charge and a simple battery charge. The specific intent was to influence the officer in only two respects. Hebert was to receive continuing help with anything that might arise. The gravamen of the charges was not represented by one charge, two charges or even three charges.
The Federal Courts have arrived at a like conclusion in similar situations. United State v. Alaimo, 297 F.2d 604 (3rd Cir. 1961); Patton v. United States, 42 F.2d 68 (8th Cir. 1930); Biddle v. Wilmot, 14 F.2d 505 (8th Cir. 1926).
We find no merit in the assignment.
Defendant complains that he was enticed into offering a bribe to the officer. The conversations of March and December, 1977, convince us otherwise. The statements that defendant had “some heat on him” and that he wanted to know what could be done were the opening ploys and from the evidence were the first in the relationship between defendant and Bios-sat. The original moving force was not the “creative activity of the law enforcement officers.” Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); State v. Turner, 241 La. 94, 127 So.2d 512 (1961).
There is no merit in the contentions that the court erred in refusing to quash the indictment and in refusing to grant a new trial because there was entrapment.
Defendant then contends that the testimony of the March and December discussions was evidence of other crimes requiring the Prieur[1] notice and hearing. We disagree. Both discussions were merely preliminary probing. No offer was made. No one at that time thought one was made. We do not believe that the jury could reasonably reach the conclusion that a crime of public bribery was perpetrated on either occasion. The assignment is without merit.
The contention that defendant should have been allowed to refer to a prior trial rather than to a prior hearing arose in cross-examining Trooper Biossat about his failure to testify in the original trial about the March and December discussions. Bios-sat explained that he had not testified about the conversations because he had *678 been asked no questions about them. The proof of a prior trial can be highly prejudicial. See State v. Lee, 346 So.2d 682 (La. 1977); State v. Reed, 324 So.2d 373 (La. 1975). La.C.Cr.P. Art. 857 requires that a new trial be with as little prejudice to either party as if it had never been tried.
We find no error.
Defendant claims the court erred in refusing to give a requested charge:
“I instruct you that, in connection with the offense of bribery as defined by the Louisiana Criminal Code which definition I have already [read] to you, that a payment made by a defendant to a public officer or public employee made pursuant to an earlier offer to make such payment, does not constitute a second offense but is merely the completion or culmination of a single offense of bribery actually completed when the earlier offer was made.”
For the reasons assigned above, we found that more than one offense had been committed. The charge would not. have been correct. Its giving was, therefore, not required. La.C.Cr.P. Art. 807.[2]
Defendant assigns as error but does not brief the court’s imposition of sentence upon improper considerations, as an example to others and upon the court’s belief that defendant was engaged in prostitution and gambling. The court specifically stated that proof of prostitution and gambling would have justified a maximum sentence. The reason of example to others was not expressed in those explicit terms and was embodied in a long explanation of reasons for the sentence.
We find no error.
For these reasons the conviction and the sentences are affirmed.

 Judges Lottinger, Edwards and Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.

. State v. Prieur, 277 So.2d 126 (La. 1973).

. “The state and the defendant shall have the right before argument to submit to the court ' special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.”