BARHAM, Justice.
The defendant, Regge John Chapman, was tried and convicted for the sale of a narcotic drug, marijuana, under LSA-R.S. 40:962, and sentenced to 10 years in the Louisiana State Penitentiary under provisions of LSA-R.S. 40:981(2). Four bills of exception were reserved, but only three are argued on his appeal. The abandoned bill (see State v. Henry, 250 La. 682, 198 So.2d 889) has no merit.
Bill of Exception No. 1 was reserved when the State was permitted over defendant’s objection to offer into evidence the matchbox which purportedly contained the marijuana at the time of the sale and which at the time of trial held the residue of marijuana not chemically analyzed. The defendant urges that the remaining contents in the matchbox had not been analyzed and could not be identified as marijuana, and that therefore the matchbox was inadmissible as evidence. The chemist for the coroner’s office testified that he had taken a sample from the matchbox, and that through a chemical analytical process which destroyed the sample he had been able to determine that it was marijuana. The matchbox and the remaining contents were properly preserved by the State and identified when produced at the trial as being the same evidence obtained from the defendant. This was competent evidence, and defendant’s objection could only be levelled at the weight to be accorded it by the jury. Bill of Exception No. 1 is without merit.
The defendant made the alleged sale of marijuana on February 16, 1967, but was not arrested until nearly a month later. The defense called a witness whom it did not qualify as an expert, to whom was propounded the following question:
“Q. Working as an undercover agent for the federal government, have you ever in your duties as an undercover agent transacted a sale of marijuana *1094 on the 16th, where the consideration was paid, and then waited one month to arrest the man ?
Upon timely objection the court refused to allow the witness to answer, and the defendant reserved Bill of Exception No. 2. This bill is without merit. The defendant asked a hypothetical question of a witness who had not been qualified as an expert for the purpose of eliciting an opinion as to whether the delay in arrest under circumstances like those in the present case was reasonable. This is incompetent and irrelevant testimony.
Bill of Exception No. 3 was reserved when the court rejected the proffer of three letters concerning the character of the defendant. The offering of the letters into evidence came after rebuttal by the State. The offering and the reservation of the bill of exception occurred as follows:
“By Mr. Weysham: I have a letter from a District Judge in Paradise, California, from a Methodist Minister * * *
“By the Court: What do you intend to do with them?
“By Mr. Weysham: With the consent of the State, I would offer these attesting to the excellent reputation of the defendant.
“By the Court: Say you have letters but not what they contain. You may talk to the District Attorney if you like and then you may make what offers you like. If you want to talk to him, talk, but don’t say what you want to talk about.
“By Mr. Weysham: With the consent of the State I would like to offer and introduce * * *
“By the Court: Even with the consent of the State I can’t allow you to introduce the letters. It’s purely hearsay. It’s not admissible in any court in the world. * * You may reserve a bill if you like.
“By Mr. Weysham: I would reserve a bill of exception to the Court’s ruling, making the offer of the letters, and attach the letters, three letters, marking these D-l, this is from Judge Daley * * *
“By the Court: Don’t say who they’re from. Just mark them.
“By Mr. Weysham: D-2 and D-3, and that is attached to my Bill of Exceptions.”
This is the entirety of the colloquy except for additional remarks of the trial judge as to reasons for inadmissibility, which we have omitted because they are not relevant to our discussion.
In argument before this court it is contended by the defendant that the judge improperly interfered with the conduct of the trial and denied defendant the right to present evidence to which the State made no objection. The trial court excluded the letters under a ruling that they were hearsay and therefore incompetent. Although we agree that they do constitute hearsay evidence, we will pretermit a discussion of *1096 their rejection by the court ex proprio motu as incompetent evidence since we find that they are clearly inadmissible as irrelevant evidence. The contents of the letters are mere personal observations of the writers; they do not propose to establish that the defendant enjoyed a good reputation in the community; they do not contain information that the defendant enjoyed the reputation for such good character in his community as to make his commission of this crime unlikely.
The bill of exception and defendant’s brief contend that even if the offering were otherwise inadmissible, a stipulation between the defense and the State would and did cure this defect. The argument as to consent is without merit since the transcript reflects only a dialogue between defense counsel and the court, and does not show consent by the State. It is apparent that the State was silent, but it is obvious that the State had no need to speak since the court of its own volition had ruled the evidence inadmissible.
Under our finding that the evidence was palpably inadmissible if objection had been made by the State, the serious question presented to this court is whether such irrelevant evidence became admissible in the absence of timely objection from the State.
“In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel.” LSA-R.S. 15:275.
“A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders * * *. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. * * * ” (Italics ours.) La.C.Cr.P. Art. 17.
“The judge is not to be restricted to the functions of a mere umpire or referee in a contest between opposing parties or counsel, but is charged by law and conscience with the fundamental duty of seeing that truth is established and justice done, under the statutes and rules of law designed to bring about such result, and his control of the situation should be manifest and complete at all times.” 88 C.J.S. Trial § 36, p. 93.
“* * * When á question is improper or calls for improper evidence, it is not error for the judge to intervene without an objection.” 23 C.J.S. Criminal Law § 991, p. 1012.
“* * * it is his [the judge’s] duty to supervise and regulate the course of the trial that the truth shall be revealed in so far as it may be within the established rules of evidence. He is not merely a monitor but an important factor in the *1098 trial of the case. It is his duty to confine the trial within issues properly triable, to keep from jury extraneous matter likely to mislead them, and to cause the trial to proceed with all reasonable expedition.” 5 Wharton’s Criminal Law and Procedure § 2026, p. 169 (R. A. Anderson ed. 1957).
“The court may exclude irrelevant or incompetent evidence offered by either party, though without objection by the other. In some cases, it even has the duty to do so. * * *” 5 Wharton, op. cit. supra § 2043, p. 188.
“The trial judge controls the conduct of the trial. In so doing, he acts within a judicial discretion, and hence his actions may only be reviewed upon proof of abuse of that discretion. In determining whether he has acted within the scope of his authority, procedural statutes are to be liberally construed in favor of such authority.” 5 Wharton, op. cit. supra § 2026, p. 66 (Supp.1967).
"* * * thg trial judge has the discretion of determining what is and what is not relevant and material evidence, and his ruling in this respect will not be disturbed in the absence of obvious error. * * * ” State v. DiVincenti, 232 La. 13, 93 So.2d 676, 680. See also State v. Melerine, 236 La. 929, 930, 109 So.2d 471.
In State v. Coffil, 222 La. 487, 62 So.2d 651, the trial judge, sua sponte, refused to allow the defendant’s wife to testify as to her purpose in visiting the district attorney’s office the morning of the homicide. The court stated “* * . * that it was not going into anything that happened prior to the offense unless it could be shown that it was connected with the offense on trial.” (p. 652) Counsel for defendant reserved a bill of exception to this ruling, and the Supreme Court found no merit in the bill, citing LSA-R.S. 15:369, now LSA-R.S. 15:275.
Although LSA-R.S. 15:275 uses the language “examination of a witness”, certainly the trial judge is vested with the discretion to prevent unnecessary, irrelevant, and immaterial evidence of any character from being presented to the jury, with or without objection from opposing counsel.
Although we recognize that judicial control and intervention in a criminal proceeding are more limited than in civil trials, since the evidence offered by this defendant was irrelevant, its exclusion could not be prejudicial and therefore the sua sponte action of the trial judge was not an abuse of judicial discretion.
The conviction and sentence are affirmed.