290 So.2d 882 (1974)
STATE of Louisiana
v.
Anthony ACKAL and Winston Teeter.
No. 54008.
Supreme Court of Louisiana.
February 18, 1974.
Rehearing Denied March 22, 1974.
*884 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Dracos D. Burke, Asst. Dist. Atty., for plaintiff-appellee.
Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for defendants-appellants.
SANDERS, Chief Justice.
Defendants, Anthony Ackal and Winston Teeter, were tried jointly under a bill of information charging them with the unauthorized use of collateral security in violation of Louisiana Revised Statute 14:201. The defendants were convicted of attempted unauthorized use of collateral security. They were each sentenced to serve three years at hard labor, in the custody of the Department of Corrections.
The defendant, Anthony Ackal, appeals his conviction, relying upon 19 bills of exceptions.
The defendant, Winston Teeter, joined in this appeal, relying upon 13 bills of exceptions.
Teeter Mobile Homes is a close corporation, having its principal office in New Iberia. Winston Teeter is president of the corporation, owning 1700 shares. Anthony Ackal is the vice-president, with 200 shares. The remaining 100 shares are owned by Mrs. Winston Teeter, who serves as the corporation's secretary-treasurer.
On December 28, 1970, Carl Leonard purchased a mobile home from the Teeter Mobile Home Corporation. Mr. Leonard received a customer's order form and a notation of sale, but did not receive the formal bill of sale. Mr. Leonard requested the officers of the corporation to provide him with the bill of sale. His efforts proved fruitless.
On April 21, 1971, the two defendants went to the New Iberia Bank where they borrowed the sum of $2,272.97. Defendant, Teeter, in his capacity as president of the company, signed a demand promissory note. The note was endorsed by defendants, Teeter and Ackal, individually. As security for the loan, the defendants pledged the manufacturer's certificate of origin and the manufacturer's invoice on the mobile home that was supposedly earmarked for eventual sale to Carl Leonard. Mr. Ackal received the pledged papers, after signing a trust receipt. The papers were then notarized and sent to Mr. Leonard.
When the loan payments became delinquent, the officer of the bank inquired as to the payment or return of the collateral.
*885 When the defendants failed to produce the collateral, this prosecution resulted.

BILL OF EXCEPTIONS NOS. 2 (ACKAL) and 1 (TEETER)
These bills were reserved when the court overruled an objection made by defense counsel to the testimony of Mr. Hebert, an official of the Bank of New Iberia. Mr. Hebert was testifying to certain information contained on promissory notes signed by the defendants. The defense counsel objected on the grounds that the documents were the best evidence and that the testimony was inadmissible.
Parol evidence is inadmissible to vary the terms of a written instrument. LSA-C.C. 2276; Cardos v. Cristadoro, 228 La. 975, 84 So.2d 606 (1955); Neck v. Neck, La.App., 169 So.2d 401 (1964); Girard v. Donlon, La.App., 127 So.2d 761 (1961).
Parol evidence, however, is admissible to clarify a written agreement, when the evidence is not inconsistent with the written agreement. Hyatt v. Hartford Acc. and Indemn. Co., La.App., 225 So.2d 102, writ ref. 254 La. 841, 227 So.2d 590 (1969); See also: Heinz v. Tourne, La.App., 18 So.2d 46 (1944).
Prior to the present testimony, the note had been admitted in evidence. The testimony did no more than explain the banking transaction in more detail. In our opinion, the testimony was admissible.

BILLS OF EXCEPTIONS NOS. 4, 5, 7, 8, 11, 12 and (ACKAL) and 2, 4, 7 (TEETER)
These bills were reserved when the trial court overruled objections made to certain testimony concerning transactions of the defendant, which were similar to the ones for which the defendants were being tried.
Counsel for defendants objected to testimony concerning some "twenty-one similar transactions" on the grounds that (1) they were offenses other than that of which defendants were charged in the bill of information, (2) the State had failed to first prove the crime charged, and (3) the witness was usurping the jury duty in concluding these actions were "similar."
This trial occurred before the decision of this Court in State v. Prieur, La., 277 So.2d 126 (1973), became final. Hence, the notice requirements of that decision for the use of the evidence of other offenses are inapplicable. Nonetheless, prior to trial, the State gave notice of its intention to produce evidence of 11 other loan transactions involving similar conduct to establish intent and system, or method of operation.
Intent is an essential ingredient of the crime. LSA-R.S. 14:201, which defines the crime, provides:
"Proof of any of the acts set forth in this Section shall be considered prima facie evidence of criminal intent. The state may proceed further and prove criminal intent by any competent evidence in its possession."
The general statute regulating proof of intent, LSA-R.S. 15:446, provides:
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."
Under the statute, the evidence of the other transactions was admissible to prove intent and system, that is, the method of operation used by the defendants in securing loans and disposing of the collateral. See State v. Morris, 259 La. 1001, 254 So.2d 444, cert. den. 406 U.S. 959, 92 S.Ct. 2066, 32 L.Ed.2d 346 (1972); State v. Spencer, 257 La. 672, 243 So.2d 793 (1971).
*886 The remaining objections are likewise without merit. The circumstance that the crime charged was not proved before allowing testimony of other transactions raises no serious question. The court does not normally control the order of the State's proof. LSA-C.Cr.P. 773; State v. Cryer, 262 La. 575, 263 So.2d 895 (1972); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971).
The reference to the other transactions as similar was factually correct. Moreover, the jury was fully instructed that it was the judge of the facts and evidence.
These bills are without merit.

BILLS OF EXCEPTIONS NO. 9 (ACKAL) and NO. 6 (TEETER)
These bills resulted when the district court judge overruled an objection by the defendant to the failure of the witness, J. Ferdie Hebert, to divulge his personal reasons for resigning from the New Iberia Bank.
The trial court judge is vested with a wide discretion on the question of relevancy. His determinations should not be upset in the absence of clear abuse of discretion. LSA-R.S. 15:275; State v. Davis, 259 La. 35, 249 So.2d 193 (1971); State v. Chapman, 251 La. 1089, 208 So.2d 686 (1968).
We find no abuse of discretion here.

BILLS OF EXCEPTIONS NO. 16 (ACKAL) and NO. 10 (TEETER)
These bills were reserved to the instruction to the jury that a pledge need not be in writing.
The instruction of the trial judge conforms to the jurisprudence. To be effective as a pledge, the act need not be in writing. LSA-C.C. Art. 3133. The act of pledge may be in writing, and if it is, it will be effective against third parties. LSA-C.C. Art. 3158; Amer. Bank and Trust Co. v. Straughan, La.App., 248 So.2d 73 (1971); Davis v. Davis, La.App., 50 So.2d 647 (1951).
These bills are without merit.

BILLS OF EXCEPTIONS NO. 17 (ACKAL) and NO. 11 (TEETER)
Defense counsel reserved these bills of exceptions to the trial judge's instruction to the jury regarding responsive verdicts. The trial judge instructed the jury that "attempt" constituted a responsive verdict to the crime of unauthorized use of collateral securities.
The definition of an "attempt," as set forth in Louisiana Revised Statutes Title 14, Section 27, is:
". . . [A] separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
The responsive verdicts to specific offenses are set forth in Article 814 of the Louisiana Code of Criminal Procedure. Though all offenses are not enumerated in this Article, the Official Revision Comment (b) following the article states:
". . . For all other offenses not enumerated and listed in the above article attempt would be responsive."
Since the crime with which the defendants are charged, namely unauthorized use of collateral securities, does not appear in Article 814, it follows that "attempt" is a responsive verdict.

BILLS OF EXCEPTIONS NOS. 18, 19 (ACKAL) and (TEETER)
These bills were reversed when the trial court judge charged the jury regarding the law of conspiracy. The defendant *887 objected on the ground that there was no factual foundation for such a charge.
In State v. Skinner, 251 La. 300, 204 So.2d 370 (1967), cert. dismissed 393 U.S. 473, 89 S.Ct. 704, 21 L.Ed.2d 684, this Court held that, when two or more persons are jointly charged with the commission of a crime and there is evidence of a conspiracy at the trial, an instruction on conspiracy is proper. Since that decision, the holding has been reaffirmed in State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971) and State v. Kaufman, La., 278 So.2d 86 (1973).
The defendants here were jointly charged with the commission of the crime. The record contains circumstantial evidence of conspiracy. Hence, the trial judge properly charged the jury on the law of conspiracy. It was, of course, for the jury to determine whether conspiracy had been proved.
These bills are without merit.

BILLS OF EXCEPTIONS NOS. 3, 6 and 15 (ACKAL)
These bills of exceptions resulted when the court overruled objections by defense counsel to foundation testimony concerning the admissibility of some 14 exhibits. Defense counsel objected on the basis that the witnesses, Hebert and Broussard, admitted that they were aware that the notes had not been processed through the bank, but that they were not familiar with any of the transactions.
Further testimony demonstrated with the witnesses, Hebert and Broussard, were sufficiently familiar with the circumstances surrounding the notes to provide a proper foundation for their admissibility. (Tr. 17-20, 43-46). Furthermore, they had been specifically instructed by the presiding judge to testify only to matters within their personal knowledge (Tr. 20).
These bills are without merit.

BILL OF EXCEPTIONS NO. 10 (ACKAL)
This bill was reserved when the court agreed to allow the admission of certain physical evidence (# T-4) depicting a trust agreement. Defendant argues that this document is irrelevant because the date (May 25, 1970) shows that it was executed prior to the transaction at bar.
This position is clearly without merit, as the actual language of the document indicates that it also refers to future transactions, in the following language:
"WHEREAS the Lender is presently financing or is about to embark on a program of financing, in part, the operations of the Borrower, under which program the Lender has already made, or may make, from time to time as it sees fit, loans to the Borrower; . . . (Italics ours).
Hence, the document was relevant and properly admitted into evidence.
This bill lacks merit.

BILL OF EXCEPTIONS NO. 13
This bill of exceptions arose when the court permitted a witness, over defense counsel's objections, to amplify her answer to a question asked by defense counsel on cross-examination.
The defendant contends that such testimony constituted a "volunteered statement" by a hostile witness.
The statement of the witness, Barbara Walker, that she had informed the proper persons that she was sending out the certificate of origin, merely amplified her previous answer that she was not aware of who specifically directed that such a document be sent out.
A witness should be permitted to explain an answer except when special circumstances dictate otherwise. State v. Rouse, 256 La. 275, 236 So.2d 211 (1970); *888 State v. Goins, 232 La. 238, 94 So.2d 244 (1957).
The testimony was properly admitted.

BILL OF EXCEPTIONS NO. 25 (ACKAL)
Bill of Exceptions No. 25 was reserved by defendant Ackal when the court denied the defendant's motion for a new trial. In addition to reurging the previous bills of exceptions, the defendant alleges that there exists no evidence of several elements of the offense of which he was convicted.
The allegation that there is no evidence of specified elements of the offense raises a question of law reviewable in this Court. This Court, however, does not weigh the sufficiency of the evidence. It suffices if there is some evidence of the elements of the crime. See State v. Cade, 244 La. 534, 153 So.2d 382 (1963) and the authorities therein cited.
More specifically, the motion for new trial alleges:
(a) No evidence was presented that any loans at all were made to either of the defendants.
(b) No evidence was presented that either defendant personally pledged any described collateral to the New Iberia National Bank.
(c) No evidence was presented that the defendant, Anthony Ackal, entered into a conspiracy with co-defendant.
(d) No evidence was presented to prove that defendant, Ackal, failed or refused to return either collateral or its cash, upon the demand of the bank.
In the light of these allegations, we have reviewed the record to determine if there is some evidence of all elements of the attempt to commit the crime, of which the defendant was convicted.
We find some evidence, direct or circumstantial, to support all elements of the offense. The notes bore the personal endorsement of the defendants, the pledge was well established, and the failure to return the collateral was shown.
We conclude that the bill of exceptions lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs in decree only.
DIXON, J., concurs, disagreeing with the treatment of Bills 18 & 19, but concluding that the error was harmless.
CALOGERO, J., concurs.