531 So.2d 1133 (1988)
STATE of Louisiana
v.
Gary R. EISHTADT.
No. KA 8643.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
*1134 Michael F. Escudier, Indigent Defender's Office, Chalmette, for appellant.
John F. Rowley, Dist. Atty., Glenn E. Diaz, Walker H. Drake, Jr., Asst. Dist. Attys., Chalmette, for appellee.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
A unanimous six-person jury found defendant guilty of second-degree battery. La.R.S. 14:34.1. The court sentenced defendant to serve two years imprisonment at hard labor. Defendant appeals, asking that we review the record for any error discoverable by an inspection of the pleadings and proceedings, and assigning as error the trial judge's denial of his motion for a continuance. We affirm.
We have reviewed the record of the pleadings and proceedings and have discovered no error. See La.C.Cr.P. Art. 920(2).
The defendant, the victim, and a female friend of both men were the only people present when the victim was stabbed. All three testified at trial. Their testimony is conflicting over whether anyone was drinking. The female saw a struggle between the two men, but is not sure what happened or why. The defendant and the victim tell different stories.
The victim testified that after the three of them had been driving around, just for the sake of driving, in defendant's car with defendant driving, defendant stopped at the victim's home to let him out. When he got out of the car and walked around it, he was met by defendant who without warning stabbed him twice, apparently because their female friend had decided to stay the night with the victim.
Defendant testified that when he stopped at the victim's home, the victim got out of the car but was too drunk to decide whether to go inside. He got out of the car to encourage the victim to go inside. The victim pulled a knife and during the ensuing struggle the victim was stabbed once. Undeterred, the victim came at defendant again, who, now holding the knife, stabbed the victim in self defense. Defendant threw away the knife, ran to his car, and drove away with the victim pursuing and punching him in the head.
Prior to trial defendant requested the issuance of a subpoena duces tecum to East Louisiana State Hospital, Jackson, *1135 Louisiana, "to produce in open court on the 21st day of October, 1986 at 9:30 A.M., any and all medical records or records of any kind on one George LeBlanc, Jr. [the victim], white male, DOB 8/19/58, SSN XXX-XX-XXXX." Trial was set for October 21, 1986, but on the morning of trial no records on the victim were produced by the hospital. There was no return on the subpoena.
Defendant moved for a continuance because the records had not been produced. The court continued the trial until the next day. When no records had arrived by the next morning, defendant again moved for a continuance, which motion the court denied.
Defendant argues that these mental health records of the victim were crucial to his defense because they would demonstrate the victim's dangerous and violent character and impeach his credibility. The hospital records were not produced at trial, are not in the court record before us, and we do not know what they show. We find, however, that the hospital records would not have been admissible in defendant's trial, and therefore, hold that no error occurred by the denial of a continuance.
First we note that, because there is no indication that if the victim was treated at East Louisiana State Hospital that this treatment was under appointment of the court and not by selection of the patient, the hospital records may be privileged, disclosure being impermissible except by personal consent of the patient. See La.R.S. 15:476 and 15:478.
Nevertheless, assuming availability of the records to defendant, they would not have been admissible at his trial. Mental health records demonstrating dangerous and violent propensities are not evidence affecting one's credibility and would not be admissible for impeachment purposes. Cf. State v. Aucoin, 500 So.2d 921 (La.App. 3d Cir.1987). The victim's mental health is not an issue in this case.
Evidence of the victim's dangerous character or threats against the accused supports a plea of self defense because it is relevant to show that the victim was the aggressor and to show that defendant's apprehension of danger was reasonable. State v. Edwards, 420 So.2d 663 (La.1982); State v. Green, 335 So.2d 430 (La.1976); State v. Lee, 331 So.2d 455 (La.1976). In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against the accused is not admissible. La.R.S. 15:482. Once evidence is established of an overt act by the victim, evidence of threats and of the victim's dangerous character is admissible for two distinct purposes: (1) to show the defendant's reasonable apprehension of danger which would justify his conduct; and (2) to help determine who was the aggressor in the conflict. State v. Edwards, above.
If the purpose of the evidence is to show defendant's reasonable apprehension of danger, it must be shown that defendant knew of the victim's prior threats or reputation. Once defendant's knowledge is established, the scope of the evidence of the victim's character includes evidence of general reputation as well as evidence of specific threats or acts of violence by the victim against the accused. State v. Edwards, above; State v. Boss, 353 So.2d 241 (La.1977). If the purpose of the evidence is to show that the victim was the aggressor, there is no requirement that defendant have knowledge of the victim's prior acts or reputation. The general evidentiary rule on character evidence, however, provides that character, whether good or bad, depends upon the general reputation that a person has among his neighbors, not upon what particular persons think of him. La.R.S. 15:479. Thus, evidence of a victim's character offered to show who is the aggressor in a conflict must be evidence of the general reputation of the victim, not evidence of specific acts or personal opinion, which is inadmissible for this purpose. State v. Bryan, 427 So. 2d 1169 (La.1983); State v. Edwards, above; State v. Boss, above.
Defendant testified that he did not know the victim prior to the evening of their encounter. There is no indication that *1136 defendant had any knowledge of the victim's reputation or that prior to the stabbing the victim had ever threatened or acted violently toward defendant. Without such a foundation evidence offered to show defendant's reasonable apprehension of danger is not admissible.
Reputation (character) testimony is the opinion (formed on hearsay it is true) by a member of the community exposed over an extended period of time to hearing the discussion (or lack of it) by other members of the community shared by himself and the person whose reputation is at issue. Before being permitted to testify, the reputation-witness must be shown to be qualified to testify on the subject as a member of the community in a position to speak with authority on the subject. State v. Deaton, 412 So.2d 586 (La.1982); State v. Frentz, 354 So.2d 1007 (La.1978). Hearsay evidence as to the reputation-opinion-testimony of others is inadmissible. State v. Frentz, above; State v. Chapman, 251 La. 1089, 208 So.2d 686 (1968).
The hospital records requested by defendant cannot have qualified as proper evidence of the victim's general reputation in the community. Compare State v. Gomez, 365 So.2d 1313 (La.1978). The hospital records, therefore, had defendant obtained them, would nevertheless have been inadmissible. At trial defendant had no permissible use for the hospital records or their contents. Further, cross-examining the victim at trial defendant was permitted without objection to question the victim concerning his treatment at East Louisiana State Hospital and the St. Bernard Mental Health Clinic.
Denial of a motion for a continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. La.C.Cr.P. Art. 712; State v. Benoit, 440 So.2d 129 (La.1983). Defendant requested a continuance on the morning of trial and received a one-day continuance. The next morning a repeat of the request was denied. The reason for the request was to obtain hospital records which defendant could not have used at trial, but the essence of which defendant presented at trial through his cross-examination of the victim. We find neither abuse of the trial court's discretion nor a showing of specific prejudice to defendant. We, therefore, find no reason in this assignment of error to reverse or modify defendant's conviction.
Accordingly, we affirm defendant's conviction and sentence.
AFFIRMED.