ARMSTRONG, Judge.
Defendant, George A. Branch, was charged by bill of information on March 13, 1992, with five counts of armed robbery, violations of LSA-R.S. 14:64. At his arraignment on March 18, 1992, he pleaded not guilty. The trial court found probable cause and denied defendant’s Motions to Suppress the Evidence and the Identification on April 1, 1992. After a trial a twelve-member jury found the defendant guilty as charged on all five counts on April 22, 1992. He was sentenced on September 4, 1992, as a second offender under R.S. 15:529.1 on count one only. The sentence imposed was fifty-five years on each of the five counts without benefit of parole, probation or suspension; the Court declared that the sentences on counts one and two be served concurrently, the sentences on counts three and four be served concurrently but consecutively to counts one and two, and the sentence on count five be served consecutively to all other counts. Defendant now appeals, arguing the trial court erred in imposing consecutive sentences.
Gerry Riviere testified that she was walking across Esplanade Avenue about midnight with her friend Denise Suarez on November 23, 1991, when a man approached her, put a gun in her back, demanded her purse, and then demanded Suarez’s purse. He next asked for her car keys which she had in her hand and said, “We’re going to go for a ride.” He stepped behind her, put the gun in her back, and pushed her toward the car. At that moment a man with a dog turned the corner walking toward them, and Riviere began to run. The robber took her blue BMW. The two women called the police and described the robber. Several days later Riviere went to a physical line-up where she recognized the defendant as the man who robbed her at gunpoint.
Kevin Washington testified that he was living on Frenchman Street on November 23, 1991; about midnight he was reading when he heard a crash outside his window. He walked to the door, opened it and saw that a blue BMW had struck a parked car *829 right in front of his porch; he called the police while he was standing there. Meanwhile he saw the driver of the BMW get out, get items from the car, and get into the Cutlass behind him. Washington went out to the BMW, found papers indicating ownership, and called a Mrs. Riviere, the mother-in-law of Gerry Riviere. Washington identified the defendant as the man he saw jump from the BMW and into the Cutlass.
Leila King testified that she was walking with her fourteen-year-old son on North Prieur Street on January 22, 1992, about 7:20 A.M., when she noticed a car pull up and then she heard a man’s voice saying to her son, “Take it off, Nigger.” She saw a man with a small gun take her son’s jacket; the robber then turned to her and demanded her purse. He next jumped into a light green car and drove away. King remembered the first three numbers and the letter of the automobile license. Later King picked the defendant’s picture from a photo line-up and the appellant in a physical lineup.
Julia Williams Franklin testified that on January 22, 1992, about 7:25 A.M. she was walking her daughter to school on Bayou Road and North Prieur Street when an olive-green car stopped beside her. The driver got out, pointed a gun at her, and said, “Yeah, mother-fucker, yeah, bitch, I’m talking to you. Drop the mother-fucking bags.” Franklin gave him her purse and he drove away. About a week later, Franklin heard from the police who found her purse and asked her to look at a photo line-up. She selected the defendant’s picture as the man who robbed her. A few days later she attended a physical line-up where she chose the defendant as the robber.
George Branch testified that he did not commit the robberies he was charged with. He claimed he was incarcerated on November 23, 1991, for obstructing the sidewalk. Branch admitted a prior conviction for possession of a stolen automobile in 1990. He said that on January 23, 1992, about 1:45 A.M. he was arrested on St. Philip Street. He was with another man at the time and that man was released; the police asked him for information about several people and held him when he could not give the information.
In his only assignment of error, the defendant argues that the trial court erred in imposing consecutive rather than concurrent sentences. This Court cannot consider that argument, however, because the defendant did not file a Motion to Reconsider the Sentence imposed within 30 days of sentencing as required by LSA-C.Cr.P. art. 881.1. According to art. 881.1, failure to file a Motion to Reconsider precludes the defendant from raising a claim about the sentence on appeal. State v. Brewster, 609 So.2d 1094 (La.App. 2nd Cir.1992).
The defendant was given an opportunity to file a brief on his own behalf but has not done so.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED
JONES, J., dissents.