675 So.2d 1224 (1996)
STATE of Louisiana
v.
Eddie JAMES.
No. 95-KA-1182.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1996.
*1225 Harry F. Connick, District Attorney for Orleans Parish, Theresa A. Tamburo, Assistant District Attorney for Orleans Parish, New Orleans, for Plaintiff/Appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before BARRY, KLEES and ARMSTRONG, JJ.
BARRY, Judge.
The defendant was convicted of manslaughter and sentenced to fifteen years at hard labor. The issue on appeal is whether the trial court erred by excluding evidence of the victim's prior violent acts and character. Where there is insufficient evidence of an overt act by the victim at the time of the offense, evidence of his dangerous character is inadmissible. We affirm.

*1226 Facts

Clyde Bloodworth testified that on September 17, 1993 he and the defendant attempted to collect wages which they earned as construction workers for Wilson Robin. Robin told the defendant to meet him at Robin's house to discuss the amount owed.
Defendant testified that he was suspicious when he went to Robin's house and carried a gun in his waistband. He testified that he and Robin were standing next to Robin's truck and a gun was on the truck seat. He and Robin disagreed about the amount owed and Robin said, "I'm not going to argue with you.... I'll kill you." Defendant testified that Robin turned, retrieved a gun from the seat of the truck, and the defendant shot Robin multiple times. The defendant fled in panic and discarded his gun in the river.
Robin's daughter Wendy Barre witnessed the incident. Barre testified that Robin and the defendant argued and Robin held out his wallet and said, "See, Bro, I don't have it." Robin turned and said, "But I'll tell you one thing, I owe you one." The defendant replied, "No, I owe you one," and shot Robin. Barre testified that Robin did not have a gun. She identified the defendant in a photographic lineup and in court.
Robin's daughter Cindy Dorsey arrived at the scene minutes after the shooting and testified that she did not see a gun near Robin or the truck. Officer Roger Jordan and emergency medical technician Keith Brisbois testified there was no weapon near Robin's body when they arrived on the scene.
Pathologist Dr. Paul McGarry testified that Robin was shot seventeen times and several of the wounds were fatal or immediately disabling.

Evidence
The defendant contends that the trial court erred by excluding evidence of the victim's prior violent acts and the defendant's knowledge of those acts, relevant to his defense that he shot Robin in self-defense. The trial court denied a pre-trial motion to introduce that evidence, and this Court and the Supreme Court denied certiorari.
Evidence of a person's character or trait is generally inadmissible to prove that he acted in conformity therewith on a particular occasion. La.C.E. art. 404(A). An exception is a homicide case where the defendant claims self-defense and at issue is whether the deceased was the aggressor and the defendant's state of mind. In such a case, evidence of the victim's dangerous character or threats against the accused is relevant because it tends to show that the victim was the aggressor and that the defendant reasonably apprehended the danger. State v. Edwards, 420 So.2d 663, 669 (La.1982); State v. Montz, 92-2073 (La.App. 4 Cir. 2/11/94), 632 So.2d 822, 824-825, writ den., 94-0605 (La. 6/3/94), 637 So.2d 499 (attempted second degree murder); I Wigmore on Evidence, § 63 at 467 (3d ed. 1940); II Wigmore on Evidence, § 246 at 44 (3d ed. 1940).
As a condition of admissibility, the defendant must produce evidence that at the time of the incident the victim made a hostile demonstration or committed an overt act against the defendant which would create in the mind of a reasonable person that he was in immediate danger of losing his life or suffering great bodily harm. State v. Leichman, 26,681 (La.App. 2 Cir. 3/1/95), 651 So.2d 355, 359; State v. Montz, 632 So.2d at 825.
II Wigmore on Evidence, § 246 at 46-47 explains why an overt act by the victim is required before evidence of the victim's character may be admitted to show the defendant's state of mind:
That the deceased's reputation should in such situations be accepted as affecting the defendant's apprehensions is clear. But the unconditional and indiscriminate admission of such evidence is dangerous. The danger is, not only that the deceased's reputed character, once in evidence, will be appealed to as justifying the deliberate destruction by private hands of a detested malefactor, but also that, though no plausible situation of self-defence is otherwise evidence, this evidence will be improperly used to confuse the issue as if there were real doubt about the necessity for defence and the apprehension of danger.
*1227 Wigmore explains the "overt act" limitation:
The notion here is that the deceased's reputation can have a `bona fide' bearing on the defendant's apprehension only where there occurs, at the time of the affray, some conduct of the deceased which might be otherwise colorless, but when interpreted by his known character becomes apparently an act of aggression. Thus there must be some "overt act", i.e. of possible aggression, before the reputation-evidence can be received.
Id. at 49-50.
The evidence tending to establish an overt act must be "appreciable." State v. Lee, 331 So.2d 455, 459 (La.1975), original opinion reinstated on reh'g (La.1976). When appreciable evidence of the overt act is in the record, the trial court cannot infringe on the fact-finding function of the jury by disbelieving the defense testimony and thereby deny the accused a defense permitted him by law. Id. at 459.
A defendant's unsupported, self-serving testimony which is sufficiently contradicted by other evidence does not constitute "appreciable evidence" of an overt act or hostile demonstration on the part of the victim. See State v. Carter, 490 So.2d 291, 294 (La.App. 4th Cir.1986); State v. Hardeman, 467 So.2d 1163, 1171 (La.App. 2d Cir.1985).
The defendant's testimony that Robin threatened him with a gun was refuted by Barre, the only eyewitness. Three witnesses testified that there was no gun near Robin's body or truck immediately after the incident. No gun is in evidence. Because the record does not contain appreciable evidence of an overt act, the trial court properly excluded the evidence as to Robin's dangerous character and prior acts.
There are no errors patent in the record.
We affirm the defendant's conviction and sentence.
AFFIRMED.