JiDOUCET, Chief Judge.
The defendant, Kerry Ledet, appeals a conviction for second degree murder.
On February 14, 1995, the defendant entered the Fruit of the Loom plant in Abbe-ville to speak with Elaine Leday. Ms. Le-day, his estranged girlfriend, worked at the plant. He wanted her to drop charges she had filed against him for breaking her windshield. Ms. Leday walked away from the defendant. He followed her into the plant manager’s office. Ms. Leday asked the plant nurse to call the police. The defendant pulled a semi-automatic Lorcin .38 caliber pistol and told the nurse not to call the police. The defendant forced Ms. Leday into the personnel manager’s office, then shot her four times. He fled the scene in a truck driven by Paul Etienne. The truck was stopped by police a short time later. The defendant fled on foot into a sugarcane field. He surrendered four hours later.
kThe defendant was indicted for first degree murder on April 5, 1995. On April 18, 1995, the defendant was arraigned and entered a dual plea of not guilty and not guilty by reason of insanity. On April 12,1996, the state amended the charge from first degree murder to second degree murder. The defendant appeared before the court that same day, was arraigned and entered a dual plea of not guilty and not guilty by reason of insanity. Before trial, the defendant waived his right to trial by jury. On July 10, 1996, after a trial on the merits, the court found the defendant guilty of second degree murder. On August 20, 1996, the defendant was sentenced to life at hard labor without benefit of probation, parole or suspension of sentence. The defendant appeals.
OTHER CRIMES EVIDENCE
Before trial began, the state presented the defendant a written Notice of Intent to Introduce Other Crimes Evidence and Notice of Intention to Introduce Confessions or Incul-patory Statement. The defendant objected to the timing and the court overruled the objection.
The defendant claims the trial court committed reversible error because it allowed the state to present evidence of other crimes without filing the proper notice within a reasonable time before trial.
With regard to other crimes evidence La. Code Evid. art. 404(B)(1) states:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be *1311 admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide treasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In State v. Prieur, 277 So.2d 126 (La.1973), the court set forth five prerequisites for admission of other crimes evidence: the state must give timely notice of the other crimes evidence it intends to introduce, it must state the grounds for relevancy or admissibility of the evidence, the probative value of the evidence must outweigh any prejudicial effect and the court must give limiting instructions to the jury about how the other crimes evidence is to be used. The court in Prieur, 277 So.2d at 129 set out the burden of proof needed by stating, “Thus we feel that if the State is able to show by clear and convincing evidence that the defendant committed such other crime, such evidence may well be properly admissible.”
The United States Supreme Court, in Huddleston v. U.S., 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), stated that evidence of prior convictions need only be proved by a preponderance of evidence rather than clear and convincing evidence. “La. Code Evid. art. 1104 requires the burden of proof for a Prieur hearing in Louisiana be identical to that required by the Federal Rules of Evidence Art. IV, Rule 404. Huddleston is the leading case interpreting that federal rule.” State v. Crawford, 95-1352 (La.App. 3 Cir. 4/3/96), 672 So.2d 197, 207, writ denied, 96-1126 (La.10/2/96), 679 So.2d 1379.
Defendant filed a Motion for Discovery which included a request to know whether the state intended to offer evidence of other crimes admissible under Code Crim.P. art. 720. A hearing was held on the motion and the state indicated that it did intend to offer such evidence.
LTwo days later on November 30, 1995, the state sent a letter to the defendant’s attorney transmitting copies of the discoverable information that the trial judge had ordered to be provided to the defendant. A total of 151 pages of discovery were provided to defendant. Included were police reports from law enforcement agencies in connection with previous offenses allegedly committed by the defendant. A three page abstract of the records included in the discovery documents compiled by Detective Hardy of the Abbeville City Police Department detailed the defendant’s criminal history, including the prior bad acts later introduced at trial. The abstract contains thirteen complaints made by the victim about the defendant from October 18, 1987 to February 10, 1995. In the state’s Notice of Intent to Introduce Evidence of Other Crimes, filed immediately before trial began, the state indicated its intent to introduce testimony from two witnesses detailing events which took place on January 4, 1995, and January 11, 1995. These two incidents were listed in the abstract, provided to defendant on November 30,1995.
In the January 4, 1995 incident the defendant jumped on Ms. Leday’s car and hit her windshield with his fists. The January 11, 1995 incident was a fight which broke out between the defendant and Ms. Leday at the Country Truck Stop.
The defendant was told in open court that other crimes evidence would be used and he was furnished with 151 pages containing police reports concerning him on November 28 and 30, 1995, over six months before trial. The defendant did not make an objection to any of this evidence in open court or after receiving it. He did not request the specifics of his past crimes which were going to be used against him, and his first objection to the evidence was lodged the morning of the trial.
IgLa.Code Evid. art. 404 and Prieur do not set forth how notice must be given; they only say that notice must be given. The state’s answers at the hearing and supplemental notice three days later were sufficient notice. The District Attorney chose on the day of trial to provide a new notice and limit *1312 the other crimes evidence the state intended to use at trial from thirteen previously noticed crimes to two crimes. However, this has no effect on the prior notice. Therefore, we find that the defendant had adequate notice of the state’s intentions to introduce this evidence.
EVIDENCE OF VICTIM’S CHARACTER
The defendant claims the trial court committed reversible error because it failed to allow him to present evidence of the victim’s drug abuse, promiscuity, and other evidence of the victim’s character, which, if admitted, would allegedly have shown the defendant’s “state of mind” at the time of the murder.
La.Code Evid. art. 404 addresses the admissibility of the character of the victim as follows:
A. Character evidence generally. Evidence of a person’s character or trait of his character, such as a moral quality, is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
* * * * # *
(2) Character of victim, (a) Except as provided in Article 412, evidence of a pertinent trait of character, such as a moral quality, of the victim of the crime offered by an accused, or by the prosecution to rebut the character evidence; provided that in the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of his dangerous character is not admissible.
Evidence of a person’s character is generally inadmissible, unless the defendant in a homicide case claims self-defense and the issue is whether the deceased was the |6aggressor or what was the defendant’s state of mind. State v. James, 95-1182 (La.App. 4 Cir. 6/5/96), 675 So.2d 1224. The defendant does not claim he shot the victim in self-defense. Since no hostile or aggressive act on the part of Ms. Leday has been alleged, evidence of her character is not admissible.
The defendant argues that, since he pled not guilty and not guilty by reason of insanity, he should have been given the opportunity to present evidence of the victim’s character flaws because they were the cause of his insanity.
The law presumes a defendant is sane and responsible for his actions. La.R.S. 15:432. A defendant who pleads not guilty by reason of insanity has the burden of establishing the defense of insanity at the time of the offense by a preponderance of the evidence. La.Code Crim.P. art. 652.
The State is not required to offer any proof of the defendant’s sanity or to offer evidence to rebut the defendant’s evidence. Instead, the determination of whether defendant’s evidence successfully rebuts the presumption of sanity is made by the trier of fact viewing all the evidence, including lay and expert testimony, the conduct of the defendant, and the defendant’s actions in committing the particular crime.
State v. Thames, 95-2105, p. 8 (La.App. 1 Cir. 9/27/96), 681 So.2d 480, 486. See also State v. Bell, 543 So.2d 1013 (La.App. 3 Cir.1989). The issue of insanity is a factual question for the jury to decide. State v. Silman, 95-0154 (La.11/27/95), 663 So.2d 27.
To establish an insanity defense, a defendant must prove by preponderance of the evidence that he was insane at the time of the offense due to mental disease or defect which rendered him incapable of distinguishing right from wrong with reference to the conduct in question. State v. Campbell, 94-1140 (La.App. 3 Cir. 3/13/96), 673 So.2d 1061.
IrThe defendant never requested the appointment of a sanity commission, nor did any psychiatrist or other medical professional testify at trial regarding the defendant’s mental state. The only evidence that the defendant attempted to offer with regard, to his mental state was evidence with regard to the alleged bad character of the victim. Even if the evidence of the victim’s character had been admitted, it would not have proven the defendant’s insanity or negated his specific intent to kill. Accordingly, we find no error in the trial court’s decision to exclude evidence of the victim’s character.
*1313 ERRORS PATENT
Our review of this record pursuant to La. Code.GrimJP. art 920 has revealed two errors patent.
First, neither the court minutes nor the transcript reflect that the defendant was given credit for timed served as required by La.Code Crim.P. art. 880. Therefore, this case is remanded to the district court. The district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served.
Second, the court minutes reflect that the trial court advised the defendant of the three year limitation for filing any post conviction relief as required by La.Code CrimJP. art. 930.8(C). However, the sentencing transcript does not reflect notification. The trial court is ordered to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate notice to the defendant within ten days of the rendition of the opinion. The trial court is further ordered to file written proof that the defendant received the notice in the record of the proceedings.
CONCLUSION
|8The defendant’s conviction is affirmed. This case is remanded to the trial court. The trial court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. Further, the trial court is ordered to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate notice to the defendant within ten (10) days of the rendition of the opinion and to file written proof that the defendant received the notice in the record of the proceedings.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.